[No. 23814-4-II.  Division Two.  August 20, 1999.]

WILLIAM NEWTON, *Respondent*, v. JOSEPH C. LEGARSKY, ET AL., *Appellants*.

($1.00 per day late fee unreasonable where landlord's costs were readily ascertainable).

*Carrie Archibald Selby* and *John Thomas Kugler* of *Burgess, Fitzer, Leighton & Phillips, P.S.*, for appellants.

*Paul Alexander Lindenmuth* of *Law Offices of Ben F. Barcus*, for respondent.

HOUGHTON, J. — Alby Legarsky appeals a Pierce County Superior Court order striking a trial de novo and entering judgment on an arbitrator's award. Legarsky argues that the court erroneously interpreted MAR 7.1(a) and *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 947 P.2d 721 (1997), as making it a prerequisite for trial de novo that the requesting party must file proof of service of the request on all other parties. We reverse, finding noncompliance with the equally mandatory requirements of MAR 6.2.

## FACTS

This appeal arises out of a personal injury lawsuit filed by William P. Newton against Joseph C. Legarsky (who has

since died) and his spouse, Alby Legarsky. Newton alleged that he was injured on January 16, 1992, when Joseph Legarsky made a turn, causing a long beam lying in the bed of Legarsky's pickup to pierce the window of Newton's car. The matter eventually went to arbitration. On February 7, 1997, arbitrator Richard I. Gustafson awarded damages in the amount of $22,546.53 to Newton. But the arbitrator did not file proof of service of a copy of his award on each party, as required by MAR 6.2.

On February 24, 1997, Legarsky's lawyer filed a request for trial de novo in Pierce County Superior Court, along with a notice of trial setting and jury demand. Legarsky did not file formal proof of service of his request for trial de novo on the opposing parties, as required by MAR 7.1(a); instead, stamped on the face of the Request for Trial De Novo was a "Certificate of Delivery" of the document to "Puget Sound Courier for delivery to [counsel for Newton]." This certificate was signed by an unidentified woman, Trish Jenne. Newton's lawyer received the request the following day.

The superior court set a trial date of April 6, 1998, and the parties prepared for trial. No courtroom was available on the scheduled date, and trial was continued to September 14, 1998. Pending trial, Newton moved to dismiss the request for trial de novo and for judgment on the award. Newton contended that the *Nevers'* opinion, 133 Wn.2d 804, issued on December 4, 1997, made Legarsky's failure to file proof of service a fatal impediment to trial de novo. Responding to the motion to dismiss, Legarsky pointed out that Newton had received actual notice of the request for trial de novo on February 25, 1992, and that Trish Jenne, now identified as defense counsel's legal assistant, had signed the certificate of delivery attesting to timely service. Legarsky argued that MAR 7.1(a) does not specify what form the proof of service must take, and that he had substantially complied with the rule. Legarsky also argued that the award had not become final for purposes of seeking a trial de novo because the arbitrator failed to file proof of service of the award, as required by MAR 6.2.

The superior court heard and granted the motion to dismiss and entered judgment on the arbitrator's award in favor of Newton. The trial court did not address the arbitrator's failure to file proof of service. Legarsky appealed.

## ANALYSIS

Legarsky argues that: (1) the trial court misconstrued *Nevers* as requiring a particular form of proof of service of a request for trial de novo, and the "certificate of delivery" at least substantially complied with MAR 7.1(a); (2) the ruling violated Legarsky's constitutional right to jury trial; (3) the time for requesting a trial de novo never began to run because the arbitrator himself did not file proof of service of the award.

As background, we set forth the pertinent statute and court rules. RCW 7.06.050 states that an arbitrator "shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties"; and that an aggrieved party may file a notice of appeal and request for trial de novo "[w]ithin twenty days after such filing."

MAR 6.2 provides that "[w]ithin 14 days after the conclusion of the arbitration hearing, the arbitrator shall file the award with the clerk of the superior court, with proof of service of a copy on each party."

MAR 7.1(a) provides:

> **Service and Filing.** Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended. . . .

█ In *Nevers*, the Supreme Court construed MAR 7.1(a), holding that it was "fatal" to a request for trial de novo

that the requesting parties "failed to file proof, within 20 days of the date an arbitration award . . . was filed, that they had served [the opposing party] with a copy of the request." *Nevers*, 133 Wn.2d at 806. The *Nevers* court held that the rule unambiguously requires a timely request for trial de novo, " 'along with' proof that a copy of it was served on all parties to the case." *Id.* at 812 (quoting MAR 7.1(a)). The copies of the request for trial de novo must also be served within 20 days. *Id.* at 811.

*Nevers* disapproved two Court of Appeals' opinions that had found substantial compliance with the rule where "the request for trial de novo had been timely filed but the copy of the request was not served within 20 days of the date the arbitration award was filed." *Id.* at 813 (disapproving *O'Neill v. Jacobs*, 77 Wn. App. 366, 890 P.2d 1092 (1995) (Division Two), and *Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 848 P.2d 1337 (1993) (Division One)). In *O'Neill*, we held that MAR 7.1(a) was a procedural rule, subject to substantial compliance, and that substantial compliance occurred because the opposing party received actual notice of the request for trial de novo within 20 days. *O'Neill*, 77 Wn. App. at 372. But the Supreme Court determined that this rule is mandatory and cannot be satisfied by substantial compliance. *Nevers*, 133 Wn.2d at 811, 815.

Legarsky's request for trial de novo stamped with a "certificate of delivery" to the process server is not proof of *service* and does not satisfy the strict mandate of *Nevers*.

In an even more recent case, *Roberts v. Johnson*, 137 Wn.2d 84, 969 P.2d 446 (1999), the Supreme Court explained and extended *Nevers*. But the result in *Roberts* favors Legarsky.

■ ■ *Roberts* is factually indistinguishable from this case and is controlling. In *Roberts*, as here, both MAR 7.1(a) and MAR 6.2 were at issue. An arbitrator made an award in favor of Roberts but did not file proof of service on each party, although counsel for the losing party, Johnson,

received a copy the next day. Johnson filed a request for new trial, but he did not accomplish timely service of the request on Roberts and, consequently, did not file proof of service. Roberts then moved to dismiss the request for failure of compliance with MAR 7.1(a). The superior court dismissed the request for trial de novo, and Johnson appealed to this court. *Roberts*, 137 Wn.2d at 86. We affirmed the dismissal by unpublished opinion,[1] rejecting Johnson's argument—the same one Legarsky makes here—"that the 20-day period for filing a request for a trial de novo was tolled because of the arbitrator's failure to file proof of service of the award." *Id.* at 87.

On review of our decision in *Roberts*, the Supreme Court reversed. They repeated the rationale of *Nevers,* saying that requiring strict compliance with the proof of service provisions of MAR 7.1(a) "effectuate[s] the Legislature's intent, which was to reduce court congestion and delays in hearing civil cases." *Roberts*, 137 Wn.2d at 89 (citing *Nevers,* 133 Wn.2d at 815)). The *Roberts'* court went on to construe MAR 6.2 strictly as well, applying the *Nevers'* rationale to disavow substantial compliance and holding:

> [T]he reasoning of *Nevers v. Fireside, Inc.* applies when construing MAR 6.2, and filing an arbitration award is not complete until and unless accompanied by proof of service of the award. The 20-day period in which an aggrieved party must request a trial de novo does not commence running until filing is perfected in this way.

*Roberts*, 137 Wn.2d at 93.

An argument was made in *Roberts* that if an arbitrator's award does not become final for purposes of trial de novo until the arbitrator files proof of service, "a party discovering that an arbitrator did not file proof of service could move to set aside a judgment on arbitration award years after the judgment was entered and request a trial de novo." *Roberts*, 137 Wn.2d at 92. The Supreme Court assuaged this concern by stating that "the proper vehicle for

---

[1]*Roberts v. Johnson*, 88 Wn. App. 1077 (1998).

seeking relief from judgment is a motion brought under CR 60(b)(1)," which must be made within one year after entry of the judgment. *Roberts*, 137 Wn.2d at 93.

According to *Roberts*, Legarsky's request for trial de novo was premature because the arbitrator did not file proof of service of a copy of his award on each party. This requirement of MAR 6.2 is mandatory. The time for requesting a trial de novo did not commence running. Therefore, Legarsky's own failure to file proof of service of his request on the other parties is a moot issue.

Relying on *Roberts*, Legarsky filed a motion on the merits to reverse the judgment, RAP 18.14(e)(2). Newton resists the motion to reverse, arguing that Legarsky invited the error by filing a defective request for trial de novo, and waived error by preparing for trial. Newton cites *Wright v. Miller*, 93 Wn. App. 189, 195, 963 P.2d 934 (1998), in which Division One held that by requesting a trial de novo and going to trial, a party lost the ability to argue that the trial court should have dismissed the case for the party's own failure to file proof of service of the request. *Wright* does not help Newton here. Legarsky did not wait until after trial to argue failure of proof of service. And we are ruling in favor of Legarsky on appeal because the arbitrator failed to comply with MAR 6.2 by filing proof of service of the award, not because Legarsky complied with MAR 7.1(a).

We need not address Legarsky's jury trial argument. *But see Kim v. Pham*, 95 Wn. App. 439, 445, 975 P.2d 544 (1999); *Westberg v. All-Purpose Structures, Inc.*, 86 Wn. App. 405, 936 P.2d 1175 (1997).

The judgment is reversed and the case remanded for proceedings consistent with this opinion.

ARMSTRONG, A.C.J., and MORGAN, J., concur.

Review denied at 139 Wn.2d 1023 (2000).