[No. 27377-2-II.   Division Two.   May 17, 2002.]

LINDA R. MANIUS, ET AL., *Respondents*, v. LILA J. BOYD, ET AL., *Appellants*.

*Marilee C. Erickson* (of *Reed McClure*) and *Novelle F. Ballard* (of *Mitchell, Lang & Smith*), for appellants.

*Guy W. Beckett*, for respondents.

HUNT, C.J. — Lila and John Doe Boyd appeal the trial court's entry of an arbitration award and order striking their request for a trial de novo based on defective proof of service by mail. Holding that the Boyds' proof of service by mail complied with MAR 7.1, we reverse and remand for a trial de novo.

## FACTS

The Boyds' lawsuit against Linda and Lawrence Manius was transferred to mandatory arbitration. The arbitrator entered an award in the Maniuses' favor. The Boyds served and filed a timely request for trial de novo and a document entitled "Certificate of Service," signed by Sandra Barlow, the Boyds' attorney's secretary.

The Maniuses moved to strike the request for trial de novo. Ruling that the place of signing was missing from the "Certificate of Service," the trial court struck the request for trial de novo and entered judgment for the Maniuses based on the arbitration award. The Boyds appeal.

## ANALYSIS

The Washington Supreme Court has held that MAR 7.1 mandates strict compliance for filing a request for trial de novo and that proof of service of the request must also be filed. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 815, 947 P.2d 721 (1997); *Newton v. Legarsky*, 97 Wn. App. 375, 984 P.2d 417 (1999). The Court has not, however, addressed the requirements for proof of service by mail under MAR 7.1(a). *Terry v. City of Tacoma*, 109 Wn. App. 448, 453, 36 P.3d 553 (2001).

### I. PROOF OF SERVICE BY MAIL OF REQUEST FOR TRIAL DE NOVO

■ Thus, this case presents an issue of first impression: What constitutes sufficient proof of service by mail of a postarbitration request for trial de novo?[1] Interpreting the Mandatory Arbitration Rules (MAR) is a matter of law,

---

[1] The MAR 7.1(a) sufficiency-of-proof-of-service cases following *Nevers* involved personal service, not service by mail.

which we review de novo. *Terry*, 109 Wn. App. at 453; *Nevers*, 133 Wn.2d at 809.

MAR 7.1(a) requires a party to file "proof that a copy has been served upon all other parties" along with a request for trial de novo. We held in *Terry* that because MAR 7.1(a) requires only "proof that a copy has been served," rather than "proof of service," MAR 7.1(a) thereby allows some format other than the standard "proof of service."[2] *Terry*, 109 Wn. App. at 457.

■ The Boyds concede that MAR 7.1 requires that proof of service by mail of a request for trial de novo must comply with CR 5(b)(2)(B). We noted in *Carpenter v. Elway*, 97 Wn. App. 977, 987 n.4, 988 P.2d 1009 (1999) *review denied*, 141 Wn.2d 1005 (2000),[3] that "CR 5(b)(2)(B) requires proof of

---

[2] In *Sunderland v. Allstate Indemnity Co.*, 100 Wn. App. 324, 328, 995 P.2d 614, *review denied*, 141 Wn.2d 1031 (2000), we noted that "[t]he *Nevers* policy of strict compliance focused on the need to provide *timely* proof of service of a request for trial de novo, rather than on what such proof of service should contain." (Emphasis added.)

The Maniuses argue that *Sunderland* is distinguishable from the case at bar because *Sunderland* applied specifically to personal service, whereas the current case involves service by mail. Br. of Resp't at 18-19. After the parties submitted their briefs, we reconfirmed the holding in *Sunderland*—that the record must contain adequate proof of personal service under MAR 6.2 or 7.1(a), including an indication of time, place, and manner of delivery as required by CR 4(g)(7). *Terry*, 109 Wn. App. at 457. Similarly, in *Terry* we noted:

Here, the drafters of the MAR chose not to use the phrase "proof of service"; therefore, they must have contemplated something different from "proof of service" as it is ordinarily understood. This is more than mere semantics, for "proof of service" is a term of art meaning an affidavit attested by the person who effected service. *Black's* defines the term as follows: "a document filed (as by a sheriff) in court as evidence that process has been successfully served on a party." BLACK'S LAW DICTIONARY 1232 (7th ed. 1999). If the drafters had intended to require formal proof of service as that phrase is understood, they would have employed the phrase "proof of service" instead of "proof that a copy has been served." We hold that the service requirements of MAR 7.1(a) do not mandate an affidavit of service, but only "some evidence" of the time, place, and manner of service. *See Carpenter* [*v. Elway*], 97 Wn. App. [977,] 987[, 988 P.2d 1009 (1999), *review denied*, 141 Wn.2d 1005 (2000)].

*Terry*, 109 Wn. App. at 457.

[3] *Terry*, 109 Wn. App. at 454 (quoting *Carpenter*, 97 Wn. App. at 981 (holding arbitrator's notation on bottom of arbitration award reading "[o]riginal to the Clerk for filing with copies to each party" insufficient proof of service because

service by mail in the form of a signed certificate of mailing."

■ CR 5(b)(2)(B) enumerates three forms of proof of service: (1) written acknowledgement of service; (2) an affidavit of the person who mailed the papers; or (3) a certificate of an attorney. Here, we address the second form—an affidavit (a sworn "certificate")[4] of the person who mailed the de novo trial request, Sandra Barlow. The trial court recognized that a declaration under penalty of perjury may be substituted for the CR 5(b)(2)(B) forms for proof of service if the requirements of RCW 9A.72.085 are met. We agree.

RCW 9A.72.085 sets forth the requirements for attestation as follows:

> Whenever, under any law of this state or under any rule, order, or requirement made under the law of this state, any matter in an official proceeding is required or permitted to be supported, evidenced, established, or proved by a person's sworn written statement, declaration, verification, certificate, oath, or affidavit, the matter may with like force and effect be supported, evidenced, established, or proved in the official proceeding by an unsworn written statement, declaration, verification, or certificate, which:

> (1) Recites that it is certified or declared by the person to be true under penalty of perjury;

> (2) Is subscribed by the person;

> (3) States the date and place of its execution; and

> (4) States that it is so certified or declared under the laws of the state [sic] of Washington.

---

notation lacked time, place, and manner of service)). "[T]he April 30 certification of service and legal messenger slip show that Thou sent a copy of the request and that Morrow actually received it at a certain place and time. Thus, the April 30 certification complied with CR 5(b)(1) and MAR 7.1(a)." *Carpenter*, 97 Wn. App. at 990 n.6.

[4] We also made a passing reference to the attestation requirement for MAR 7.1 service-by-mail in *Sunderland*, 100 Wn. App. at 328:

> [T]he CR 5(b)(2)(B) attestation requirement for service by mail also applies to service by delivery and requires a sworn statement by the messenger that service did in fact occur; and that proof of service must be done by attestation in light of [the] *Nevers* policy of strict compliance.

The certification or declaration may be in substantially the following form:

"I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct[.]"

## II. BARLOW'S CERTIFICATE OF SERVICE

Barlow's "Certificate of Service" (Clerk's Papers at 69) reproduced below meets these RCW 9A.72.085 requirements:

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

| LINDA R. MANIUS and LAWRENCE MANIUS, wife and husband, Plaintiffs, vs. LILA J. BOYD and JOHN DOE BOYD, wife and husband, and the marital community composed thereof, Defendants. | NO. 99-2-00616-3 CERTIFICATE OF SERVICE |
|---|---|

I, Sandra Barlow, under penalty of perjury of the laws of the State of Washington, hereby certify and declare as follows:

1. I am an employee of the law firm of Mitchell, Lang & Smith, 600 University Street, Seattle, WA 98101, counsel for certain defendants herein.

2. On November 20, 2000, I did serve a true and correct copy of REQUEST FOR TRIAL DE NOVO and CERTIFICATE OF SERVICE by U.S. First Class Mail - Postage Prepaid upon:

| Guy W. Beckett | R. Alan Swanson |
|---|---|
| Attorney at Law | Arbitrator |
| 811 First Avenue, Suite 208 | 1235 - 4th Avenue East, Suite 200 |
| Seattle, WA 98104 | Olympia, WA 98506 |

DATED this 20 day of November, 20 00

_____
SANDRA BARLOW

CERTIFICATE OF SERVICE

MITCHELL, LANG & SMITH
ONE UNION SQUARE
600 UNIVERSITY STREET SUITE 2505
SEATTLE, WASHINGTON 98101-3134
(206) 292-1212

Barlow certified under penalty of perjury that she was an employee of the Seattle law firm Mitchell, Lang & Smith at its Seattle address, 600 University Street, Seattle, WA 98101. This address is both typed on the "Certificate of Service" and printed on the law firm's pleading paper on which the certificate was prepared. Barlow certified that on 20 November, 2000, she served a copy of the Request for Trial de Novo and a copy of the Certificate of Service by placing them in the United States mail, with prepaid first class postage, addressed to the Maniuses' attorney and to the arbitrator.

■■ The trial court found that the place of the certificate's "signing," or execution, was lacking.[5] Although the Certificate does not expressly state that Barlow signed the certificate and mailed the documents from her law firm's address, such originating address is reasonably implied. As Justice Cardozo eloquently stated in his dissent in *Reed v. Allen*, 286 U.S. 191, 209, 52 S. Ct. 532, 76 L. Ed. 1054 (1932): "A system of procedure is perverted from its proper function when it multiplies impediments to justice without the warrant of clear necessity." Similarly, Washington court rules and case law reflect the same principles. Civil Rule 1 provides in part: "[These rules] shall be construed to secure the just, speedy, and inexpensive determination of every action." "[A] practical solution should be preferred to a technical one whose use might result in frustrating the purpose of the superior court rules." *Kohl v. Zemiller*, 12 Wn. App. 370, 372, 529 P.2d 861 (1974).

Here, requiring an additional statement that Barlow signed the original and mailed the copies from the law firm's address would serve no useful purpose, especially in the absence of an allegation that the Maniuses did not receive timely service or notice of the Boyds' request for trial de novo. Rather, the certificate's various components

---

[5] The trial court found that the *place of signing* "was not found on the document called certificate of service purportedly signed by Sandra Barlow on November 20th." Report of Proceedings at 9.

constitute " 'some evidence' of the time, place, and manner of service." *Terry*, 109 Wn. App. at 457 (citing *Carpenter*, 97 Wn. App. at 987). As we have previously noted, the proof of service of the request for trial de novo is not as strict as the *Nevers* requirements for filing the request for trial de novo itself. *Terry*, 109 Wn. App. at 457.

Accordingly, we hold that Barlow's Certificate of Service constitutes adequate proof of service by mail of the request for trial de novo. We reverse the Maniuses' judgment and the order striking the Boyds' request for the trial de novo, and we remand for a trial de novo.

ARMSTRONG and QUINN-BRINTNALL, JJ., concur.