[No. 29588-1-II. Division Two. February 10, 2004.]

SERGIO ALVAREZ, *Respondent*, v. JOHN BANACH, ET AL., *Appellants*.

*Kathleen M. Thompson* (of *Garner Bond Trabolsi St. Louis & Clement*), for appellants.

*Raymond E.S. Bishop* (of *Bishop Law Office, P.S.*), for respondent.

Hunt, C.J. — John Banach appeals the trial court's striking of his request for trial de novo and award of attorney fees to Sergio Alvarez following arbitration of an auto accident claim in Alvarez's favor. Banach argues that the trial court erred in ruling that he failed to file proper proof of service of the trial de novo request within 20 days of the arbitrator's decision where Alvarez had actually received the request. Holding that Banach provided sufficient evidence of the time, manner, and place of timely service by legal messenger, in compliance with MAR 7.1(a), we reverse and remand for trial de novo.

## FACTS

Banach's vehicle rear-ended Alvarez's. Alvarez sued Banach and removed the action to mandatory arbitration. The arbitrator served on counsel his award for Alvarez on June 12, 2002, and filed his proof of service of the award on June 19.

On June 18, Banach filed a request for trial de novo and a declaration of delivery to Alvarez, signed by Cheryl B. Lee, Banach's counsel's secretary. The declaration stated:

> Pursuant to the laws of the State of Washington, the undersigned certifies under penalty of perjury that on June 17, 2002, she sent via Legal Messenger Services to be delivered on June 18, 2002, copies of the following REQUEST FOR TRIAL DE NOVO AND FOR CLERK TO SEAL ARBITRATION AWARD, one [sic] the attorney of record in this matter as follows:
>
> Mr. Raymond Bishop
> 127 SW 156th Street
> Seattle, WA 98166
> DATED: June 17, 2002.

Clerk's Papers (CP) at 6. Alvarez's counsel received the request for trial de novo the next day, on June 19.

On July 22, Alvarez filed a motion to strike Banach's trial de novo request, arguing that the declaration of delivery did not fulfill MAR 7.1's strict proof-of-service requirements.

The trial court initially denied the motion to strike, noting that Alvarez's attorney had actually been served with the request for trial de novo on June 19, within 20 days of the arbitration award filing, as required by MAR 7.1:

> It was served on your office on June 19th by a legal messenger. If you want I can continue this and they can get a supplemental affidavit from whoever handled this, but the bottom line is you guys got it. I'm not going to value form over function.

Report of Proceedings (RP) at 13.

But on Alvarez's motion for reconsideration, the trial court struck Banach's request for trial de novo, saying:

> It is strict compliance.
>
> . . . .
>
> I'm holding that the notice was not sufficient to comply with the dictates of the Nevers[1] case. While this court does not value form over function upon a reading of the case it appears the Court of Appeals [sic[2]] does.
>
> . . . .
>
> Nevers is the controlling case. The fact that it will be served does not comply with the language of the rule that says it has to have been served.

RP at 25.

On September 19, 2002, Alvarez filed a petition for entry of judgment and for costs and attorney fees. Banach's counsel objected to an award of attorney fees because (1) Alvarez had not requested fees in his motion to strike the trial de novo request or in his motion for reconsideration, (2) many of the requested fees were not "needed to prepare and present a motion to dismiss and those needed to resolve any other matters that cannot reasonably wait until after the motion to dismiss has been decided" (RP at 32-33), and (3) a lodestar multiplier was not justified because Banach had admitted liability and the only issue remaining was

---

[1] *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 811-12, 947 P.2d 721 (1997).

[2] The Supreme Court, not the Court of Appeals, issued the *Nevers* decision.

damages. The trial court denied the lodestar multiplier but awarded essentially the full amount of requested attorney fees.

Banach appeals.

## ANALYSIS

### I. Request for Trial de Novo

Banach argues that his filed request for trial de novo was accompanied by proper proof of service in compliance with MAR 7.1(a). Alvarez counters that the proof of service filed was deficient because it did not show that actual service had been effectuated or the time, place, and manner of service.

### A. Standard of Review

▮▮▮ Application of the rule to a particular set of facts is a question of law subject to de novo review on appeal. *Kim v. Pham*, 95 Wn. App. 439, 441, 975 P.2d 544, *review denied*, 139 Wn.2d 1009 (1999). We construe the mandatory arbitration rules consistent with their purpose. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001).

### B. Proof of Service

▮▮▮ RCW 7.06.050 provides that an aggrieved party may appeal an arbitrator's decision within 20 days by filing a written notice for appeal and notice for a trial de novo in the superior court. MAR 7.1(a) sets forth the required procedures for filing notice of a request for trial de novo; it provides in relevant part:

> **Service and Filing.** Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court *along*

*with proof that a copy has been served* upon all other parties appearing in the case.

MAR 7.1(a) (emphasis added).

The Supreme Court has held that strict compliance with MAR 7.1(a) is necessary in order for the trial court to conduct a trial de novo. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 811-12, 947 P.2d 721 (1997). The court has interpreted this rule to require the filing of both a request for trial de novo and " 'proof' that a copy of the written request has been served" on the other parties within 20 days of the arbitration award filing. *Nevers*, 133 Wn.2d at 811. Ruling that these two acts are linked such that "[o]ne act . . . is not complete without the other," the court held that filing of proof of service of the request for trial de novo within the 20-day period is a prerequisite for a trial de novo. *Nevers*, 133 Wn.2d at 812-13.

The issue here is whether Banach timely filed proof of service of his request for trial de novo. Alvarez concedes that he received actual notice of Banach's request for trial de novo within the 20-day time period. And it is undisputed that on June 18, 2002, within the 20-day period, Banach filed as his proof of service a declaration of delivery, signed by his counsel's secretary, Lee, in which she declared under penalty of perjury that "she sent via Legal Messenger Services to be delivered on June 18, 2002," a copy of the request for trial de novo to Alvarez's attorney at the indicated address. CP at 6.

Alvarez argues, however, that Banach's service was not in strict compliance with the rule because Banach failed to file proof of "actual service." Alvarez argues that (1) this proof of service was deficient because, although it showed that Banach gave the documents to a messenger service, it failed to prove that the documents were actually delivered to and received by Alvarez;[3] (2) "proof that a copy has been served" "must indicate the time, place, and manner of

---

[3] Both the request for trial de novo and the declaration of delivery were stamped "received" by the Bishop Law Offices, Alvarez's attorneys. Banach appended copies of these stamped "received" documents to his opposition to Alvarez's motion

actual delivery," which here required timely filing of proof of service bearing his attorney's office's "received stamp"; and (3) although other copies of Banach's request for trial de novo and declaration of delivery bore Alvarez's counsel's "received stamp," Banach did not file these copies with the court within the 20-day period. Br. of Resp't at 7. We disagree with Alvarez's conclusion that Banach's proof of service was inadequate.

MAR 1.3(b)(2), governing service of arbitration documents, requires that service comply with CR 5. "CR 5(b)(1) states that *personal service* is made on a party or attorney by handing the copy directly to the party, attorney or person in charge of receiving such copies." *Carpenter v. Elway*, 97 Wn. App. 977, 987, 988 P.2d 1009 (1999) (emphasis added), *review denied*, 141 Wn.2d 1005 (2000). But CR 5(b)(1) does not similarly specify what constitutes adequate proof of *service by delivery. Sunderland v. Allstate Indem. Co.*, 100 Wn. App. 324, 328, 995 P.2d 614, *review denied*, 141 Wn.2d 1031 (2000). And the Supreme Court in *Nevers* did not address what constitutes proof of the various types of service under MAR 7.1(a).

Accordingly, we look to several post-*Nevers* cases, in which we have addressed related issues: *Sunderland*, 100 Wn. App. 324; *Manius v. Boyd*, 111 Wn. App. 764, 47 P.3d 145 (2002); *Terry v. City of Tacoma*, 109 Wn. App. 448, 36 P.3d 553 (2001), *review denied*, 146 Wn.2d 1012 (2002). As the parties here note, we have previously held that "adequate proof of personal service [under MAR 7.1(a)] requires *some evidence* as to time, place, and manner of service." *Carpenter*, 97 Wn. App. at 987 (emphasis added). But "MAR 7.1 does not require attestation by a process server that he actually delivered the document." *Terry*, 109 Wn. App. at 457.

In *Sunderland*, we held that a signed "certificate of service" and a request for trial de novo were sufficient "proof

to strike his request for trial de novo. But the copies of the request for trial de novo and the declaration of delivery that Banach earlier filed with court on June 18 did not bear the "received" stamp.

that a copy ha[d] been served." 100 Wn. App. at 326, 329. The request for trial de novo was stamped "RECEIVED" "April 2, 1998" by "Sloan, Bobrick & Oldfield," the Sunderlands' attorneys. *Sunderland*, 100 Wn. App. at 326. The "certificate of service" contained a statement by counsel's legal assistant that the request for trial de novo had been sent by legal messenger to "all counsel of record" for "delivery no later than April 2, 1998." *Sunderland*, 100 Wn. App. at 326.

We reasoned that the two documents together sufficiently indicated the time, place, and manner of service: The "certificate of service" indicated the *time* and *manner* of delivery (April 2, 1998, by legal messenger), and the "RECEIVED" stamp on the request for trial de novo indicated the *place* of delivery (the office of Sloan, Bobrick & Oldfield). We expressly rejected the argument that additional proof of actual receipt was necessary to fulfill the MAR 7.1(a) requirement of "proof that a copy has been served" upon all other parties. MAR 7.1(a); *Sunderland*, 100 Wn. App. at 329.

In *Terry*, proof of service was a "RECEIVED" stamp on a request for trial de novo. Terry had served the request on the city and filed a copy of the request showing "RECEIVED" stamps from both the county clerk's office and the Tacoma City Attorney Civil Division. Noting that MAR 7.1(a) did not require an *affidavit* that the document had been served on a party, we held that the "RECEIVED" stamp was sufficient to establish *time and place* of delivery. *Terry*, 109 Wn. App. at 457. But we remanded to the trial court to determine if the "RECEIVED" stamp also adequately evinced the *manner* of delivery. *Terry*, 109 Wn. App. at 458. There was no corresponding declaration of delivery in *Terry* as there was here.

*Manius* involved service by mail, rather than personal service. We held that a signed "certificate of service" was sufficient proof of service where it stated that the request for trial de novo was mailed on a certain date to the specific addresses of the attorneys of record. *Manius*, 111 Wn. App.

at 770-71. The certificate indicated the time, place, and manner of service and, thus, complied with MAR 7.1(a). *Manius*, 111 Wn. App. at 770-71. In so holding, we noted that "the *proof of service* of the request for trial de novo is not as strict as the *Nevers* requirements for *filing* the request for trial de novo itself." *Manius*, 111 Wn. App. at 771 (emphasis added).

 Other than the messenger-mail distinction, the certificate of delivery here is nearly identical to the one in *Manius*. *Manius*, 111 Wn. App. at 769. As in *Manius*, the declaration of delivery here sufficiently indicated the time, place, and manner of delivery: June 18, 2002, to the office of Mr. Raymond Bishop, via Legal Messenger Services. This declaration, therefore, was "proof that a copy ha[d] been served" under MAR 7.1. *Sunderland*, 100 Wn. App. at 329. "An affidavit of mailing contains no statement that service in fact occurred; service after three days is assumed." *Sunderland*, 100 Wn. App. at 329 n.3. Similarly, MAR 7.1 does not require proof of actual receipt of the delivered request for trial de novo, as long as there is proof of service, i.e., *some* evidence of time, place, and manner of service.[4] *Carpenter*, 97 Wn. App. at 987; *Terry*, 109 Wn. App. at 457.

Arguing that MAR 7.1(a) requires proof of actual receipt, Alvarez cites *Newton v. Legarsky*, 97 Wn. App. 375, 984 P.2d 417 (1999), *review denied*, 139 Wn.2d 1023 (2000), and *Carpenter*, 97 Wn. App. 977. But neither case supports this proposition. Although we decided *Newton* a few months before we enunciated the *Carpenter* "time, place, and man-

[4] Alvarez stresses that in *Sunderland*, we found sufficient a declaration of delivery "together with" a request for trial de novo stamped "RECEIVED." 100 Wn. App. at 326, 329. The declaration of delivery alone did not satisfy the time, place, and manner requirement, because it did not indicate the *place* of delivery; rather, it indicated merely that the request for trial de novo was forwarded to "all counsel of record," with no addresses listed. Although we held that the two documents *together* satisfied the requirement that proof sufficiently indicate the time, place, and manner of service, we did not hold that proof of actual receipt was *required*. *Sunderland*, 100 Wn. App. at 329.

Nonetheless, here, although the filed proof of service did not include a "received" stamp, the record shows that the request for trial de novo was stamped "received" by Alvarez's counsel's office and that Alvarez's counsel actually received timely service of Banach's request for trial de novo.

ner" rule, our holdings in both cases are consistent. In *Newton*, proof of delivery was in the form of a filed request for trial de novo, stamped with a "Certificate of Delivery" to the messenger service for delivery of the request to opposing counsel. But the certificate in *Newton* did not include opposing counsel's address and, thus, it failed to state the place of delivery. More importantly, however, our decision in *Newton* did not turn on the adequacy of proof of service because the arbitrator's failure to file his proof of service of notice of his arbitration award had tolled the time for requesting a trial de novo.[5]

In *Carpenter*, we rejected as proof of service a legal messenger slip that lacked both the name and address of the party served and the date of delivery. *Carpenter*, 97 Wn. App. at 982, 990 n.6. We held that this deficiency was cured, however, by proof of delivery indicating actual receipt at a certain place and time. *Carpenter*, 97 Wn. App. at 990 n.6. Read together, *Newton* and *Carpenter* do not hold that MAR 7.1(a) *requires* proof of actual delivery. Rather, they show that proof of actual delivery indicating the time, place, and manner of receipt may rescue an otherwise deficient certificate of proof of service and may alone satisfy the MAR 7.1(a) proof of service requirement.

Nonetheless, we note here, as we did in *Sunderland*, that there was proof of actual service. Banach's declaration of service of his request for trial de novo was stamped "date received," showing actual timely service on Alvarez's counsel. That this stamped copy of the declaration was not the one filed with the court within the 20-day period does not diminish the fact that the timely filed unstamped copy satisfied the MAR 7.1(a) time, place, and manner of service requirement.

Accordingly, we hold that (1) the declaration of delivery filed here satisfied MAR 7.1(a) because it sufficiently indicated the time, place, and manner of delivery; and (2) therefore, striking Banach's request for trial de novo was

---

[5] We note that even when citing *Newton* to the trial court below, Alvarez's counsel acknowledged that the proof of service language was mere "dicta."

error.[6] Because we reverse based on this ground, we do not address Banach's additional argument that the trial court erred in granting Alvarez's motion for reconsideration under CR 59.

## II. ATTORNEY FEES

In light of our reinstatement of Banach's request for trial de novo, Alvarez is no longer the prevailing party. Therefore, we reverse his award of attorney fees below and deny his request for attorney fees on appeal. *Brandenburg v. Cloutier*, 103 Wn. App. 482, 483, 12 P.3d 664 (2000), *review denied*, 143 Wn.2d 1012 (2001); MAR 7.3;[7] RAP 18.1(a). After the trial de novo, the trial court shall determine the prevailing party and an appropriate award of attorney fees.

MORGAN and QUINN-BRINTNALL, JJ., concur.

Review granted at 152 Wn.2d 1028 (2004).

---

[6] In reversing, we do not fault the trial court. In light of Banach's timely actual service of request for trial de novo on Alvarez, the trial court clearly believed that allowing the request to stand was warranted. Nonetheless, it felt bound by the *Nevers*' strict-compliance rationale to strike the request. We also note that *Nevers* has precipitated much litigation about what MAR 7.1(a) actually requires, the subject of ongoing appellate clarification as various questions arise.

[7] MAR 7.3 provides:

The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. The court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for trial de novo. . . . Only those costs and reasonable attorney fees incurred after a request for a trial de novo is filed may be assessed under this rule.