[No. 52919-6-I. Division One. December 20, 2004.]

IBRAHIM FARAJ, ET AL., *Respondents*, v. BERHANU CHULISIE, ET AL., *Appellants*.

*Steven V. Lundgren, Jr.,* and *Barbara J. Brady* (of *Karr Tuttle Campbell*), for appellants.

*Robert S. Green* and *Boris Rubinstein* (of *Rubinstein Law Office*), for respondents.

¶1 APPELWICK, J. — Following a personal injury arbitration, the arbitrator awarded Faraj damages. Chulisie filed a motion for a trial de novo. Faraj filed a motion to strike Chulisie's request, arguing that he had failed to fulfill the requirements of Mandatory Arbitration Rule (MAR) 7.1(a). Chulisie appeals the trial court's denial of his motion for a trial de novo. Faraj cross-appeals the trial court's denial of his request for a multiplier in its attorney fees award. We affirm the trial court on other grounds and deny Faraj's appeal on attorney fees.

## FACTS

¶2 This appeal arises out of a personal injury lawsuit filed by Ibrahim and Huda Faraj (Faraj) against Berhanu Chulisie (Chulisie) and Jatinder Gill d/b/a STITA Cab # 154 (Gill). Faraj alleged that he was injured on June 12, 1999 by Gill's car, driven by Chulisie. The matter went to arbitration, and on April 17, 2003, the arbitrator filed a decision awarding Faraj damages of $23,944.79. The arbitrator filed proof that he had served the arbitration award on the parties on April 23, 2003.

¶3 On May 2, 2003, Chulisie filed a request for a trial de novo. Along with his request for a trial de novo, on May 2, 2003, Chulisie also submitted to the court a signed copy of the following Declaration of Service:

> Sandra L. Maydew declares as follows:
>
> I hereby certify that on the second day of May, 2003, I caused a copy of the foregoing Request for Trial de Novo and Jury Demand and this Declaration of Service to be served via ABC Legal Messenger on the following:
>
> Boris Rubinstein
> Rubinstein Law Offices
> 874—140th Ave. N.E., Suite 100
> Bellevue, WA 98005
>
> I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.
>
> DATED in Seattle, Washington this 2nd day of May, 2003.
>
> (signature)
>
> Sandra L. Maydew[1]

The parties do not dispute that Chulisie served a copy of the request on Faraj's attorney at the Rubinstein Law Offices on May 2, 2003. Chulisie did not, however, include a copy of the Rubinstein Law Office's "received" stamp with his request for trial de novo to the court. Nor did Chulisie serve Gill.

¶4 On June 27, 2003, Faraj filed a motion to strike Chulisie's request for trial de novo, arguing that Chulisie failed to satisfy the filing and service requirements of MAR 7.1(a). Faraj also requested attorney fees and costs of $17,617.50. The trial court granted Faraj's motion to strike, and awarded Faraj $8,425.00 in fees and $1,065.43 in

---

[1] Faraj asserts in his brief that Chulisie cites to documents in his brief that were filed after the 20-day period. He does not delineate precisely what documents he is referring to. The record is clear, however, that this Declaration of Service was filed in the court on May 2nd.

costs.[2] The trial court denied Chulisie's motion for reconsideration.

¶5 Chulisie appeals the trial court's denial of his motion for trial de novo. Faraj cross-appeals the trial court's fee award, asserting that he should have been awarded the entire amount he requested.

## ANALYSIS

### I. Right to Appeal

¶6 Faraj asserts that Chulisie failed to follow RAP 2.3(b) and that failure precludes this court's review.

■ ¶7 RAP 2.3(a) provides that a party may seek discretionary review of any act of the superior court not appealable as a matter of right, unless review is otherwise prohibited by statute or court rule. RAP 2.3(b) states:

**Considerations Governing Acceptance of Review.** Except as provided in section (d), discretionary review may be accepted only in the following circumstances:

(1) The superior court has committed an obvious error which would render further proceedings useless;

(2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;

(3) The superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court; or

(4) The superior court has certified, or that all parties to the litigation have stipulated, that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation.

---

[2] Faraj filed his motion to strike trial de novo on July 7, 2003, but failed to give Chulisie the requisite 6 days' notice. Faraj agreed to continue the hearing to July 14, 2003. The trial court nonetheless granted Faraj's motion on July 7th, before opposing papers were filed. After Chulisie submitted opposing papers, the trial court entered an order affirming its earlier order to strike the trial de novo.

¶8 Following the trial court's denial of Chulisie's motion to reconsider, Chulisie filed a notice of appeal with this court. Chulisie did not file a motion to appeal to this court on a discretionary basis under RAP 6.2.[3] Rather, he asserted that his notice of appeal was of right under RAP 2.2(a)(3). RAP 2.2(a)(3) states that a party may appeal "[a]ny written decision affecting a substantial right in a civil case which in effect determines the action and prevents a final judgment or discontinues the action." Chulisie's right to a trial de novo was a substantial right. The trial court's denial of Chulisie's motion for a trial de novo effectively discontinued the action in the case. Accordingly, Chulisie had a right to appeal under RAP 2.2(a)(3).[4]

## II. MAR 7.1(a) Proof of Service Requirement

¶9 Chulisie assigns error to the trial court's order striking his motion for trial de novo.

■ ¶10 The MAR apply to mandatory arbitration of civil actions under chapter 7.06 RCW. MAR 1.1. Interpretation of the MAR is a matter of law requiring de novo review. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997).

---

[3] RAP 6.2 states:

(a) **Generally.** The appellate court accepts discretionary review of a trial court decision by granting a motion for discretionary review.

(b) **Time to Make Motion.** The party seeking discretionary review must file in the appellate court a motion for discretionary review within 15 days after filing the notice for discretionary review. If a party files a notice of appeal from a decision which may not be subject to review as a matter of right, the clerk or a party may note for hearing the question whether the decision is reviewable as a matter of right and, if the decision is reviewable by discretion, the question whether review should be accepted.

(c) **Regular Motion Procedure Governs.** A motion for discretionary review is governed by the motion procedure established by Title 17.

(d) **Notice of Decision on Motion.** The clerk of the appellate court will promptly give written notice to the parties and the trial court of the appellate court's decision on the motion for discretionary review.

[4] We are not saying that Chulisie could not have waited until the arbitration award was confirmed to initiate this appeal. We are simply acknowledging that given the trial court's denial of Chulisie's motion to reconsider his request for a trial de novo, Chulisie's appeal was not premature.

¶11 RCW 7.06.050[5] provides that within 20 days after the arbitrator files his decision, any aggrieved party may file a written notice for appeal and notice for a trial de novo in the superior court. MAR 7.1(a) states in pertinent part:

Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

¶12 Relying upon *Nevers*, Faraj asserts that Chulisie's failure to strictly comply with MAR 7.1(a) was fatal to his request for trial de novo.

¶13 In *Nevers*, a party filed a request for a trial de novo following an arbitration award. *Nevers*, 133 Wn.2d at 807. Although the request for a trial de novo was filed within 20 days of the date on which the arbitration award was filed, proof of service to the opposing party was not filed within 20

---

[5] RCW 7.06.050 states:

(1) Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

(a) Up to thirty days prior to the actual date of a trial de novo, a nonappealing party may serve upon the appealing party a written offer of compromise.

(b) In any case in which an offer of compromise is not accepted by the appealing party within ten calendar days after service thereof, for purposes of MAR 7.3, the amount of the offer of compromise shall replace the amount of the arbitrator's award for determining whether the party appealing the arbitrator's award has failed to improve that party's position on the trial de novo.

(c) A postarbitration offer of compromise shall not be filed or communicated to the court or the trier of fact until after judgment on the trial de novo, at which time a copy of the offer of compromise shall be filed for purposes of determining whether the party who appealed the arbitrator's award has failed to improve that party's position on the trial de novo, pursuant to MAR 7.3.

(2) If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.

days. *Nevers*, 133 Wn.2d at 807. *Nevers* interpreted MAR 7.1(a) to require the filing of both "a written request for a trial de novo 'along with proof' that a copy of the written request has been served on all [the other] parties appearing in the case" within 20 days of the arbitration award filing. *Nevers*, 133 Wn.2d at 811. A "failure to strictly comply" with the requirement that proof of service be filed "within 20 days of the date the arbitration award is filed" therefore is fatal to a request for a trial de novo. *Nevers*, 133 Wn.2d at 811.

¶14 However, *Nevers* did not articulate what constitutes sufficient proof of service. Chulisie asserts that under *Alvarez v. Banach*, 120 Wn. App. 93, 84 P.3d 278 (2004), his proof of service complied with MAR 7.1(a).

¶15 In *Alvarez*, an aggrieved party filed a timely request for a trial de novo following arbitration. *Alvarez*, 120 Wn. App. at 94. Along with his request for trial de novo, the party filed a declaration of delivery to opposing party. *Alvarez*, 120 Wn. App. at 95. The declaration stated:

> Pursuant to the laws of the State of Washington, the undersigned certifies under penalty of perjury that on June 17, 2002, she sent via Legal Messenger Services to be delivered on June 18, 2002, copies of the following REQUEST FOR TRIAL DE NOVO AND FOR CLERK TO SEAL ARBITRATION AWARD, one [sic] the attorney of record in this matter as follows:
>
> Mr. Raymond Bishop
> 127 SW 156th Street
> Seattle, WA 98166
> DATED: June 17, 2002

*Alvarez*, 120 Wn. App. at 95. The opposing party "filed a motion to strike [the] trial de novo request, arguing that the declaration of delivery did not fulfill MAR 7.1's strict proof-of-service requirements." *Alvarez*, 120 Wn. App. at 95. The trial court struck the motion for a trial de novo. *Alvarez*, 120 Wn. App. at 98. On appeal, the respondent relied upon *Carpenter v. Elway*, 97 Wn. App. 977, 988 P.2d 1009 (1999), *review denied*, 141 Wn.2d 1005, 10 P.3d 403

(2000), and *Newton v. Legarsky*, 97 Wn. App. 375, 984 P.2d 417 (1999), *review denied*, 139 Wn.2d 1023 (2000), for the proposition that MAR 7.1(a) required proof of actual receipt of service. *Alvarez*, 120 Wn. App. at 101.

¶16 The *Alvarez* court rejected the respondent's interpretation of *Newton* and *Carpenter* as requiring proof of actual receipt of service. *Alvarez*, 120 Wn. App. at 101-02. The court explained that *"Newton* did not turn on the adequacy of proof of service because the arbitrator's failure to file his proof of service of notice of his arbitration award had tolled the time for requesting a trial de novo." *Alvarez*, 120 Wn. App. at 102. *Alvarez* also reiterated the time, place, and manner rule articulated in *Carpenter*. *Alvarez*, 120 Wn. App. at 102. *Carpenter* held that MAR 7.1 does not require proof of actual receipt of the delivered request for trial de novo, as long as there is proof of service showing "some evidence" of time, place, and manner of service. *Carpenter*, 97 Wn. App. at 987. *Alvarez* held that the declaration of delivery, filed with the request for trial de novo in that case, established time, place, and manner of delivery, and therefore sufficiently complied with MAR 7.1's proof of service requirement. *Alvarez*, 120 Wn. App. at 102.

■ ¶17 Faraj asserts that Chulisie may not rely upon date-stamped copies of his request for a trial de novo that were not filed within the statutory 20-day filing period. We disagree.

¶18 Chulisie presented to the trial court a copy of his request for a trial de novo date-stamped as being received by Rubinstein's Law Office on May 2, 2002. The copy of his request for a trial de novo filed with the court in the statutory 20-day period, however, was not date-stamped. *Alvarez* found that proof of actual service after the statutory 20-day period has expired may satisfy MAR 7.1(a):

> That this stamped copy of the declaration was not the one filed with the court within the 20-day period does not diminish the fact that the timely filed unstamped copy satisfied the MAR 7.1(a) time, place, and manner of service requirement.

*Alvarez*, 120 Wn. App. at 102. Chulisie's declaration of service filed with the court in the statutory 20-day time period fulfilled the time, place, and manner rule because it included some evidence of time (May 2nd), place (Rubinstein's Law Offices), and manner (messenger service) of service. Under *Alvarez*, therefore, his failure to file a date-stamped copy of the certificate of delivery within the statutory 20-day time period was not fatal.

¶19 Faraj also asserts that *Alvarez* is distinguishable because the declaration of delivery at issue there stated a delivery date, whereas the certificate of delivery at issue here identified when it was given to the messenger, but did not specify a delivery date. This distinction is irrelevant.

¶20 The certificate of delivery indicates that the notice of a request for trial de novo was sent on May 2nd (time), to Faraj's attorney's office (place), by messenger (manner). Subsequent proof established that actual delivery was within the specified time period. Chulisie's proof of service satisfies the time, place, and manner test articulated in *Carpenter*. The trial court thus erred in concluding that Chulisie's failure to properly include proof of service with his request for a trial de novo to Faraj was fatal.

III. Failure to Serve a Party

¶21 Faraj asserts on cross appeal that Chulisie's failure to file for a trial de novo as to Gill "violated MAR 3.2 and the rule of *Perkins Coie v. Williams*, 84 Wn. App. 733, 929 P.2d 1215 (1997)." At arbitration, the arbitrator purported to dismiss Gill, and Gill was not assessed any portion of fault. Chulisie did not name, and did not serve, Gill when he filed a request for a trial de novo.

¶22 Chulisie contends that the arbitrator's dismissal of Gill means that he was not required to serve Gill. However, MAR 3.2 states that "[m]otions for involuntary dismissal . . . and motions for summary judgment shall be decided by the court, and not by the arbitrator." Thus, under MAR 3.2, the arbitrator had no authority to dismiss Gill, and Gill thus remained a party to the case. MAR 3.2

aligns with MAR 7.1(a), which plainly states that copies of a request for trial de novo must be "served upon *all other parties appearing in the case*." (Emphasis added.) Under the strict requirement standard enumerated in *Nevers*, because Gill was a party to the original case, compliance with MAR 7.1(a) mandated that he also be served within 20 days of the arbitration award. Chulisie's failure to serve Gill within 20 days of the arbitration award was thus fatal to his request for a trial de novo.

¶23 This result is also supported by *Perkins Coie*. In *Perkins Coie*, the court held that a party cannot unilaterally limit the scope of de novo review by limiting the parties. *Perkins Coie*, 84 Wn. App. at 735. Perkins Coie filed suit against a couple and their daughter to seek recovery payment for legal services incurred during its representation of the daughter in a personal injury action. *Perkins Coie*, 84 Wn. App. at 735. The case proceeded to arbitration and the arbitrator made an award against the daughter in favor of Perkins Coie, but made no award against the girl's parents. *Perkins Coie*, 84 Wn. App. at 735. Perkins Coie "candidly admit[ted] that it attempted to limit the issues at trial to avoid the assessment of fees against it." *Perkins Coie*, 84 Wn. App. at 738. The trial court denied the parents' motion to strike the trial de novo. The Court of Appeals reversed and remanded the case, explaining that "all issues of law and fact with respect to [the daughter as well as the parents] were necessary to a request for a trial de novo." *Perkins Coie*, 84 Wn. App. at 737. The court held that the phrase "all issues of law and fact" in RCW 7.06.050 "define[d] the minimum scope of issues that a request for trial de novo must contain following an arbitration."[6] *Perkins Coie*, 84 Wn. App. at 736.

¶24 Chulisie maintains that *Perkins Coie* is distinguishable because whereas there, Perkins Coie had an incentive

---

[6] RCW 7.06.050, which provides that a party aggrieved by an arbitrator's decision in mandatory arbitration "may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact."

to omit a party in its request for a trial de novo, such incentive was notably absent here. This distinction is irrelevant. In *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 79 P.3d 1154 (2003), *recons. denied* (Mar. 11, 2004), our Supreme Court stated that "the trial de novo process is exactly what the rule says it is: a trial that is conducted as if the parties had never proceeded to arbitration. The entire case begins anew." *Malted Mousse, Inc.*, 150 Wn.2d at 528. Gill was a party to the original arbitration. Under MAR 7.1(a), he remained a party and therefore, service upon him was essential to a proper request for a trial de novo. Because Chulisie failed to serve Gill within 20 days after the arbitrator's award was filed, he can no longer seek review by trial de novo.

¶25 Chulisie also contends that even if he failed to file for a trial de novo on all issues of law and fact, under *Perkins Coie*, his failure does not warrant dismissal. In *Perkins Coie*, the court determined that Perkins Coie's failure to name a party to arbitration was not jurisdictional. *Perkins Coie*, 84 Wn. App. at 741-42. Chulisie reasons that his failure to name Gill "constitutes a mere procedural error which did not deprive the trial court of jurisdiction to hear the trial de novo." *Perkins Coie* explicitly stated that service of notice was not at issue in that case. *Perkins Coie*, 84 Wn. App. at 742. Here, in contrast, service upon Gill is at issue. Chulisie's failure to serve Gill was fatal to his request for a trial de novo.

IV. Attorney Fees

¶26 Faraj asserts on cross appeal that the trial court's "decision to reduce the fee award was error." Although we affirm the trial court on different grounds, Faraj nonetheless remains the prevailing party below.

¶27 "The amount of a fee award is discretionary, and will be overturned only for manifest abuse." *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 65, 738 P.2d 665 (1987) (citing *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 595-96, 675 P.2d 193 (1983)). This court also reviews

the reasonableness of attorney fees awards under an abuse of discretion standard. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 114 Wn.2d 677, 688-89, 790 P.2d 604 (1990).

> "A trial court does not abuse its discretion unless the exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons." This court has overturned attorney fees awards when it has disapproved of the basis or method used by the trial court, or when the record fails to state a basis supporting the award.

*Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 665, 989 P.2d 1111 (1999) (citations omitted) (quoting *Progressive*, 114 Wn.2d at 688-89).

 ¶28 Washington courts employ the lodestar method to guide its calculation of attorney fees and costs awards. *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 149, 859 P.2d 1210 (1993). Under this method, the party seeking fees bears the burden of proving the reasonableness of fees. *Fetzer*, 122 Wn.2d at 151. The lodestar amount is arrived at by first "multiplying a *reasonable* hourly rate by the number of hours *reasonably* expended." *Fetzer*, 122 Wn.2d at 149-50. In arriving at this amount, the trial court must necessarily exclude from the requested hours any wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims. *Fetzer*, 122 Wn.2d at 151. Any evaluation of the reasonableness of the rate applied to the hours to achieve the lodestar must consider the difficulty of the problem, the attorney's skill, reputation and experience, the amount in controversy, and the quality of the work performed. *Singleton v. Frost*, 108 Wn.2d 723, 731, 742 P.2d 1224 (1987). In rare instances, the lodestar amount may be adjusted upward or downward in the trial court's discretion. *Fetzer*, 122 Wn.2d at 150.

 ¶29 Faraj requested attorney fees and costs of $17,617.50. The trial court awarded Faraj $8,425.00 in fees and $1,065.43 in costs pursuant to MAR 7.3.

¶30 MAR 7.3 states:

The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. The court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for a trial de novo. "Costs" means those costs provided for by statute or court rule. Only those costs and reasonable attorney fees incurred after a request for a trial de novo is filed may be assessed under this rule.

In *Kim v. Pham*, 95 Wn. App. 439, 975 P.2d 544 (1999), the court interpreted MAR 7.3 "as requiring a mandatory award of attorney fees when one requests a trial de novo and does not improve their position at trial because they failed to comply with requirements for proceeding to a trial de novo such as MAR 7.1(a)." *Kim*, 95 Wn. App. at 446-47.

¶31 Faraj's counsel submitted to the trial court documentation stating that he had worked 44.75 hours on the case itself, and 16 hours on the motion to strike the request for trial de novo. Counsel's normal hourly rate was $200; he requested an adjusted hourly rate of $290, for a total of $17,617.50 (44.75 X $290 + 16 X $290 = $17,617.50).

¶32 Regarding the reasonableness of Faraj's request, the trial court concluded:

The plaintiff has incurred reasonable attorneys fees post arbitration in the amount of $8,300. This is based on an hourly rate of $200 which the court finds reasonable and appropriate under all the circumstances. Attorney's fees are allowed based on the (Second) Affidavit of Robert Green, in the sum of $3,500 for the research, drafting, review and response to the Motion to Strike the Request for Trial de Novo and review of the court's order and the Motion for reconsideration, but does not include time spent on drafting a response since no response to a motion for reconsideration is required unless requested by the court and the court did not request a response. It is also based on the Affidavit of Robert S. Green in Support of Plaintiff's Judgment and includes attorney's fees in the amount of $4,800 incurred on the substance of the case from 5/18/03 through 7/14/03, which were incurred primarily in responding to discovery requests from opposing counsel. It does not include time spent on issues that were not immediately due, since plaintiff was

aware that these matters might well not be necessary if the motion was granted. Nor does it include fees based on time spent after the motion was granted.

¶33 The record supports the trial court's calculation of the lodestar amount and its conclusion that the award amount was tenable.

■■■■ ■■■■ ¶34 Faraj asserts that because his counsel worked on a contingency basis, the trial court was obligated to award him his requested 1.5 multiplier. " 'The burden of justifying any deviation from the "lodestar" rests on the party proposing the deviation.' " *Bowers*, 100 Wn.2d at 598 (quoting *Copeland v. Marshall*, 641 F.2d 880, 892 (D.C. Cir. 1980)). Multipliers are appropriate in contingent fee cases. *See, e.g., Ethridge v. Hwang*, 105 Wn. App. 447, 462, 20 P.3d 958 (2001). Nevertheless, a contingency calculation is wholly within the trial court's discretion. *Bowers*, 100 Wn.2d at 598. Faraj has not shown that the trial court erred in its calculation of his award.

■■■■ ¶35 Under MAR 7.3, Faraj is entitled to fees and costs on appeal only as to the issues upon which he prevailed. He is therefore entitled to attorney fees on the issue of trial de novo, but not on his appeal on attorney fees and costs.

¶36 Faraj also argues that Chulisie's appeal is frivolous, and seeks fees, costs, and sanctions under RAP 18.1 and 18.9. Chulisie's appeal was not frivolous. We therefore deny Faraj an award of fees and costs under RAP 18.1 and 18.9. Although Chulisie prevails on the issue of Faraj's fee request, he has not requested, nor provided any basis for, an award of fees. Accordingly, no award of fees to Chulisie is made.

¶37 We affirm the trial court on the basis that Gill was not served. We deny Faraj's cross appeal, and award fees and costs as stated above.

BECKER and SCHINDLER, JJ. concur.

Reconsideration denied January 20, 2005.