[No. 53916-7-I.   Division One.   November 15, 2004.]

GLENDI GARCIA, *Respondent*, v. CRICO OF JAMES STREET CROSSING LIMITED PARTNERSHIP, *Appellant*.

*Dan'l W. Bridges* and *Luke M. LaRiviere* (of *Law Offices of Dan'l W. Bridges*), for appellant.

*Glenn K. Carpenter, Jr.*, for respondent.

¶1 PER CURIAM — MAR 7.1(a), the rule governing serving and filing of requests for trials de novo, requires only proof that a copy of the written request has been served on all the other parties appearing in the case, rather than a standard "proof of service." That proof must contain only some evidence of the time, place, and manner of service. Such proof was present here. The superior court's order is reversed and the case remanded for a trial de novo.

## FACTS

¶2 Glendi Garcia slipped and fell on CRICO of James Street Crossing Limited Partnership's (CRICO) property. Garcia sued CRICO and the case moved to arbitration. The arbitrator filed his award for Garcia, and several days later CRICO filed a request for trial de novo with King County Superior Court and served the same, with a certificate of service, to Garcia by mail.

¶3 Several months later, and shortly before trial, Garcia filed a motion to strike CRICO's request for trial de novo arguing that the certificate of service did not comply with the MAR 7.1 proof of service requirement. The superior court entered an order granting Garcia's motion to strike CRICO's request for trial de novo from which CRICO appeals.

## ANALYSIS

■ ¶4 MAR 7.1(a) requires a party to file "proof that a copy has been served upon all other parties" along with a request for trial de novo. The court of appeals has interpreted this language to mean that because MAR 7.1(a) requires only "proof that a copy has been served," rather than "proof of service," MAR 7.1(a) thereby allows some format other than the standard "proof of service."[1] In the case of personal service, an affidavit of service is not required, but only some evidence of the time, place, and manner of service.[2]

■ ¶5 In *Manius v. Boyd*, the Court of Appeals addressed what constitutes adequate proof of service by mail in a postarbitration request for trial de novo.[3] In *Manius*,

---

[1] *Terry v. City of Tacoma*, 109 Wn. App. 448, 457, 36 P.3d 553 (2001).

[2] *Terry*, 109 Wn. App. at 457 ("We hold that the service requirements of MAR 7.1(a) do not mandate an affidavit of service, but only 'some evidence' of the time, place, and manner of service.") (citing *Carpenter v. Elway*, 97 Wn. App. 977, 988 P.2d 1009 (1999)).

[3] 111 Wn. App. 764, 47 P.3d 145 (2002).

the respondents conceded, but the court did not hold, MAR 7.1 required that proof of service by mail of a request for trial de novo must comply with CR 5(b)(2)(B).[4] Like the present case, the proof of service in *Manius* was a declaration under the penalty of perjury of the person who mailed the request. The court recognized that such a declaration may be substituted for CR 5(b)(2)(B) forms of proof of service if the requirements of RCW 9A.72.085 are met.[5]

¶6 Although the certificate in *Manius* failed to expressly state where she executed the document, the court found that the originating address was "reasonably implied" by the fact she had certified she was an employee of the law firm, the address of which was typed both on the certificate of service and printed on the law firm's pleading paper on which the certificate was prepared.[6] The court therefore held that the certificate met the requirements of RCW 9A.72.085. The court stated that "requiring an additional

---

[4] CR 5(b)(2)(B) states in pertinent part:

Proof of Service by Mail. Proof of service of all papers permitted to be mailed may be by written acknowledgment of service, by affidavit of the person who mailed the papers, or by certificate of an attorney. . . .

[5] RCW 9A.72.085 states in pertinent part:

**Unsworn statements, certification.** Whenever, under any law of this state or under any rule, order, or requirement made under the law of this state, any matter in an official proceeding is required or permitted to be supported, evidenced, established, or proved by a person's sworn written statement, declaration, verification, certificate, oath, or affidavit, the matter may with like force and effect be supported, evidenced, established, or proved in the official proceeding by an unsworn statement, declaration, verification, or certificate, which:

(1) Recites that it is certified or declared by the person to be true under penalty of perjury;

(2) Is subscribed by the person;

(3) States the date and place of its execution; and

(4) States that it is so certified or declared under the laws of the state of Washington.

The certification or declaration may be in substantially the following form:

"I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct":

......................................................        ......................................................
      (Date and Place)                                (Signature)

[6] *Manius*, 111 Wn. App. at 770.

statement that [she] signed the original and mailed [it] from the law firm's address would serve no useful purpose, especially in the absence of an allegation that the Maniuses did not receive timely service."[7]

¶7 The court then went on to hold that because "the certificate's various components constitute 'some evidence of the time, place, and manner of service,'" the certificate constituted adequate proof of service by mail of a trial de novo.[8] In so doing, the *Manius* court recognized that while a certificate which meets the RCW 9A.72.085 requirements is adequate proof of service by mail of the request for trial de novo, the guiding test remains whether the certificate's various components constitute some evidence of the time, place, and manner of service. In other words, the proof of service by mail required by MAR 7.1(a) need not fully conform with the proof of service described in CR 5(b)(2)(B). So long as the instrument of proof constitutes some evidence of the time, place, and manner of service, the MAR 7.1(a) requirements are met.

■ ¶8 This point has been driven home in a recent decision, this time involving delivery by a legal messenger service. In *Alvarez v. Banach*,[9] the court found that other than the messenger-mail distinction, the certificate in that case was nearly identical to the one in *Manius*.[10] The court wrote:

> As in *Manius*, the declaration of delivery here sufficiently indicated the time, place, and manner of delivery: June 18, 2002, to the office of Mr. Raymond Bishop, via Legal Messenger Services. This declaration, therefore, was "proof that a copy ha[d] been served" under MAR 7.1.[11]

---

[7] *Manius*, 111 Wn. App. at 770.

[8] *Manius*, 111 Wn. App. at 770-71.

[9] *Alvarez v. Banach*, 120 Wn. App. 93, 84 P.3d 278 (2004).

[10] 120 Wn. App. at 101.

[11] *Alvarez*, 120 Wn. App. at 101.

The court held that the declaration of delivery satisfied MAR 7.1(a) because it sufficiently indicated the time, place, and manner of delivery.[12]

¶9 The case at bar is nearly identical to *Manius*. And as in *Manius*, the certificate is adequate for the purposes of MAR 7.1(a). The certificate at issue reads in pertinent part:

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF KING . . .

I, DAWN A. FOX, swear under oath and the penalty of perjury that the following attestations are true and correct to the best of my ability.

1. On July 24, 2003 I caused to be sent to the attorney of record for the plaintiff, Mr. Glenn K. Carpenter, a copy of the defendant's request for Trial De Novo by way of U.S. Mail postage pre-paid. Furthermore, that on the July 25, 2003 I caused to be filed with the above entitled court the original Trial De Novo request with a $250 fee attached thereto.

3. [sic] Finally, I certify that a copy of the Request for Trial De Novo was additionally served via LMI on the Arbitration Department of King County, E219, on the July 25, 2003.

Dated this 24th day of July, 2003.

While the certificate fails to expressly state that it was so certified or declared under the laws of the state of Washington, that it was so declared is reasonably implied by the caption "IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF KING." Here, like in *Manius*, requiring an additional, express statement that the declaration was made under the laws of the state of Washington would serve no useful purpose, especially in the absence of an allegation that Garcia did not receive timely service or notice of CRICO's request for trial de novo. This certificate, like the one in *Manius*, meets the requirements of MAR 7.1(a).

¶10 More importantly, the certificate meets the requirements of MAR 7.1(a) because the certificate's various components constitute some evidence of the time, place, and

---

[12] *Alvarez*, 120 Wn. App. at 102.

manner of delivery: "July 24, 2003, . . . to the attorney of record for the plaintiff, Mr. Glenn K. Carpenter, . . . by way of U.S. Mail postage pre-paid."[13]

¶11 The certificate of service thus constitutes adequate proof of service by mail of the request for trial de novo. We reverse the superior court's judgment and order striking CRICO's request for trial de novo and we remand for a trial de novo.

---

[13] *See Manius,* 111 Wn. App. at 770-71.