[No. 57616-0-I. Division One. January 2, 2007.]

KAREN E. VANDERPOL, *Respondent*, v. CHRISTOPHER SCHOTZKO ET AL., *Appellants*.

---

*Marilee C. Erickson* and *Terry J. Price* (of *Reed McClure*) and *Susan R. Hamilton* (of *Law Offices of Sharon J. Bitcon*), for appellants.

*Douglas P. Levinson*, for respondent.

¶1 ELLINGTON, J. — In this case we once again delve into the requirements for obtaining a trial de novo after mandatory arbitration. We hold that the MAR 7.1 requirement of proof that a copy has been served is satisfied by an affidavit attesting that a copy of the request was mailed to all parties at least three days before the deadline for service. We therefore reinstate the request for trial de novo and remand for further proceedings.

## BACKGROUND

¶2 Christopher Schotzko and David Van each rear-ended Karen Vanderpol's car. Vanderpol prevailed against both in mandatory arbitration. The arbitrator's award and certificate of mailing were filed on October 19, 2005.

¶3 MAR 7.1 allows a party aggrieved by an arbitration award to seek a trial de novo and requires that such a request be filed within 20 days of the filing of the award,

along with proof that a copy has been served on all parties. Van did not appeal the arbitration award. Schotzko filed a request for trial de novo on November 4, 2005, accompanied by the following affidavit dated November 1, 2005:

> n this day affiant deposited a copy of the foregoing Request for Trial de Novo and this Affidavit of Mailing in the mails of the United States of America in a properly stamped and addressed envelope directed to [Vanderpol's counsel and Van's counsel].[1]

¶4 The 20 days ended November 8. Vanderpol's counsel received Schotzko's request on November 2. Van's counsel received the request on November 9.

¶5 Upon Vanderpol's challenge to the timeliness of service, the trial court struck the request for trial de novo and confirmed the arbitration award. We reverse.

## DISCUSSION

 ¶6 MAR 7.1 provides in relevant part as follows:

> **(a) Service and Filing.** Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court *along with proof that a copy has been served* upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.[2]

The only question here is whether service was proved as required by the rule. Interpretation of the mandatory arbitration rules is a question of law reviewed de novo.[3]

 ¶7 MAR 7.1 requires strict compliance.[4] The requirement of "proof that a copy has been served" has generated a fair amount of litigation. The cases make clear that

---

[1] Clerk's Papers at 56-57.

[2] (Emphasis added.)

[3] *Manius v. Boyd*, 111 Wn. App. 764, 766-67, 47 P.3d 145 (2002).

[4] *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 815, 947 P.2d 721 (1997).

service of the request for trial must be completed within the 20-day deadline and that the request must be filed along with "some evidence of the time, place, and manner of service."[5]

¶8 Schotzko filed the request for trial and affidavit of service on the 16th day after the arbitration award was filed. Vanderpol's challenge to service is based upon two contentions: first, that the rule requires proof of actual service within the 20-day deadline but Van did not receive the mailed service until the 21st day; and second, that the rule requires proof that a copy *has been* served but the affidavit did not attest to completed service in the past tense.

■■ ¶9 We reject these arguments because they overlook the rules for service by mail. MAR 1.3(b)(2) provides that after assignment to an arbitrator, all pleadings and papers are to be served under CR 5. CR 5(b)(1) permits service to be made by mail. CR 5(b)(2)(A) provides that "[i]f service is made by mail, . . . [t]he service shall be deemed complete upon the third day following the day upon which they are placed in the mail." The rule thus presumes that for purposes of time limits, service has been accomplished on the third day after mailing.

¶10 *Actual Receipt of Service.* Vanderpol argues that the trend is "to follow *Nevers*[ *v. Fireside, Inc.*, 133 Wn.2d 804, 947 P.2d 721 (1997)] and strictly apply MAR 7.1(a)" to require proof of actual receipt of service.[6] *Nevers* involved personal service,[7] which must be shown by the affidavit of service to have occurred within the deadline.[8] The point of *Nevers* is that service must occur within the deadline. Service by mail is complete as of three days after mailing,

---

[5] *Alvarez v. Banach*, 153 Wn.2d 834, 838, 109 P.3d 402 (2005).

[6] Resp. Br. at 5.

[7] *Nevers*, 133 Wn.2d at 812-14.

[8] *See Alvarez*, 153 Wn.2d at 839 (declaration anticipating intended future service is insufficient); *see also Sunderland v. Allstate Indem. Co.*, 100 Wn. App. 324, 329, 995 P.2d 614 (2000).

and so the fact to be shown in the affidavit is the date of mailing. Vanderpol's argument that the presumption of completed service is rebutted if the mail takes longer than three days is unsupported by any authority.[9]

¶11 Vanderpol also relies upon our decision in *Seto v. American Elevator, Inc.*,[10] wherein we held that the 20-day time limit for filing a request for trial de novo is triggered by the date the arbitrator files the award and proof of service, not three days after the arbitrator mails the award to counsel,[11] because the rule for service of the award by the arbitrator (MAR 6.1) does not require accomplished service.[12] But *Seto*'s interpretation of MAR 6.1 has no bearing on the service requirements of MAR 7.1.

¶12 MAR 7.1 does not require that service be actually received within the 20 days. It requires only that service be made. Service deemed complete is such service.

¶13 Further, the primary goal of mandatory arbitration is " 'to reduce congestion in the courts and delays in hearing civil cases.' "[13] Introducing the possibility of a challenge to service because of postal delay contravenes this purpose. It sets up collateral litigation, renders the rules themselves essentially useless, and penalizes the serving party for events beyond its control. The presumption that service is deemed complete three days after mailing is intended to avoid exactly these kinds of disputes, and no court has held that if the post office takes four days instead of three, service is untimely.

---

[9] Perhaps the presumption of completed service may be rebutted as to the *fact* of service as, for example, where no service is ever received. *See Bank of the W. v. F&H Farms, LLC*, 123 Wn. App. 502, 504, 98 P.3d 532 (2004) (mailed service rebutted by receiving party's proof that document was never received). But rebuttal as to the date service is "deemed complete" by evidence of actual receipt after the presumptive three days would render the "deemed complete" language in the rule meaningless.

[10] 129 Wn. App. 146, 118 P.3d 373 (2005).

[11] *Id.* at 152.

[12] *Id.* at 150-51.

[13] *Nevers*, 133 Wn.2d at 815 (emphasis omitted) (quoting *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215 (1997)).

¶14 It is also worth noting that the time limit for a request for trial de novo balances the competing interests of finality in judgments and the right to a jury trial.[14] These interests are not equivalent. The right to a jury trial is fundamental[15] and is unreasonably curtailed if a de novo request is timely filed and served but dismissed because the mail took more than three days. The right to a jury is not at the mercy of the vagaries of the weather or the postal system.

¶15 *Adequacy of the Affidavit.* Alternatively, Vanderpol argues that even if proof of actual receipt of service is not required, the affidavit here was deficient because it did not attest to past, accomplished service, thus failing to provide "proof that a copy has been served."

¶16 First, Vanderpol is incorrect. The affidavit here does use the past tense: "[O]n this day affiant deposited [a copy of the request and affidavit] . . . in the mails of the United States of America."[16]

¶17 Further, Schotzko's attorney waited until three days after service was mailed before filing the request and affidavit, so in fact, service was complete when the request and proof of service were filed. We see no reason an affidavit of mailing cannot be filed when signed, however, because the affidavit need only demonstrate that service was accomplished within the time limit.

¶18 But Vanderpol proposes that the affidavit should have been *signed* on the third day after mailing, so as to accurately attest that completed service (as opposed to mailing) "has been" achieved. This argument has no merit. The date of mailing is the operative fact for completion of mailed service, and the presumption of completion operates automatically from that date. The serving party has no way

---

[14] *See State v. Evans*, 154 Wn.2d 438, 443-45, 114 P.3d 627, *cert. denied*, 546 U.S. 983 (2005).

[15] *Id.* at 445; Wash. Const. art. I, § 21 ("right of trial by jury shall remain inviolate").

[16] Clerk's Papers at 56-57.

of knowing whether the post office has actually delivered the notice. To require a delayed signature "would serve no useful purpose,"[17] would be a meaningless formality, and would contravene the principle that only "some evidence" of service is required under MAR 7.1.[18]

¶19 " 'A system of procedure is perverted from its proper function when it multiplies impediments to justice without the warrant of clear necessity.' "[19] There is nothing necessary about waiting three days to sign an affidavit of mailing, and indeed much mischief could follow from such a requirement—a loss of papers, memories, or even people could govern a party's rights and jeopardize perfection of the request.

¶20 In sum, once a document goes into the mail, CR 5(b)(2)(A) determines the date on which service is complete. If the affidavit of service makes clear that mailed service was accomplished by operation of law within the deadline, the affidavit is sufficient under MAR 7.1(a).

¶21 The affidavit attesting to mailing on November 1 established that the parties had been served as of November 4, which was well within the 20 days allowed. The trial court erred in setting aside the request for trial de novo.

¶22 Reversed.

Schindler, A.C.J., and Dwyer, J., concur.

---

[17] *Manius*, 111 Wn. App. at 770.

[18] *Id.* at 771; *Garcia v. CRICO of James St. Crossing Ltd. P'ship*, 125 Wn. App. 807, 811, 106 P.3d 765 (2004) (discussing *Manius*, 111 Wn. App. 764); *see also Terry v. City of Tacoma*, 109 Wn. App. 448, 457, 36 P.3d 553 (2001); *Sunderland*, 100 Wn. App. at 329.

[19] *Manius*, 111 Wn. App. at 770 (upholding sufficiency of a certificate of mailing because the place it was signed was reasonably implied by its contents) (quoting *Reed v. Allen*, 286 U.S. 191, 209, 52 S. Ct. 532, 76 L. Ed. 1054 (1932) (Cardozo, J., dissenting)).