[No. 65255-9-I.   Division One.   September 19, 2011.]

HERBERT BRACKMAN, *Respondent*, v. THE CITY OF LAKE FOREST PARK, *Appellant*.

*Jeremy W. Culumber* (of *Keating Bucklin & McCormack Inc.*), for appellant.

*Robert N. Windes* (of *Windes Law Group*) and *Angela K. Wong* (of *Wong Bauman Law Firm PLLC*), for respondent.

¶1 SCHINDLER, J. — A certificate of service filed with a request for trial de novo that is signed by a legal assistant, but is not made under oath or under penalty of perjury, is not "proof that a copy has been served" under Mandatory Arbitration Rule (MAR) 7.1(a). We affirm the trial court's decision to strike the request for trial de novo and the order denying reconsideration.

¶2 The facts are not in dispute. On September 17, 2008, Herbert Brackman filed a personal injury lawsuit against the City of Lake Forest Park (City). The case was transferred to mandatory arbitration. The arbitrator ruled in favor of Brackman and awarded damages. The arbitrator filed the award on June 10, 2009.

¶3 On June 15, the City mailed a request for trial de novo to Brackman's attorney. On June 17, the City filed a request for trial de novo and a certificate of service by mail. The certificate of service is signed by legal assistant Heather Hegeman. The certificate is not signed under oath or under penalty of perjury. The certificate of service states:

I hereby certify that on June 15, 2009, I caused a copy of Defendant's REQUEST FOR TRIAL DE NOVO to be:

[ ] faxed; and/or

[ X ] mailed via U.S. Mail, postage pre-paid; and/or

[ ] sent via ABC Legal Messengers, Inc.

from Seattle, Washington, to the following party:

Robert Windes
Moran Windes & Wong PLLC
5608 17th Ave NW
Seattle, WA 98107-5207

/s/ Heather Hegeman
Heather Hegeman

¶4 Brackman filed a motion to strike the City's request for trial de novo. Brackman argued that the certificate did

not meet the strict requirements of MAR 7.1(a) because the proof of service did not comply with CR 5(b)(2)(B) or the statute for an unsworn statement. The trial court granted the motion to strike. The court ruled that "as a matter of law . . . Defendant's Request for Trial De Novo fails to comply with CR 5(b)(2)(B), MAR 7.1, and RCW 9A.72.085."

¶5 The court denied the City's motion for reconsideration. The court ruled that under either a strict standard or a substantial compliance standard, the certificate of service signed by the legal assistant did not comply with MAR 7.1(a). The order denying the motion for reconsideration states, in pertinent part:

> There is a significant distinction between personal service and service by mail. CR[ ]5 describes precisely what is required to prove service by mail, but does not describe what is required to prove personal service. The cases in which substantial compliance was sufficient involved personal service, not service by mail. Sunderland v. Allstate Indem. Co., 100 Wn.[ ]App. 324[, 995 P.2d 614] (2000). The case in which something was missing from the certificate of service involved a failure to state explicitly where the documents were mailed from, although the address was found in another place on the certificate. Failing to include the "under penalty of perjury" language is qualitatively different.
>
> There are logical and policy reasons for distinguishing between personal service and service by mail. Proof of personal service occurs after the opposing party has received the documents at issue. Proof of service by mail occurs when the mailer signs an affidavit, declaration or certificate, stating that the documents were mailed, but before the opposing party has received the documents. Requiring "under penalty of perjury" language is important to ensuring that the statement that the documents have been mailed is true, and its absence cannot be equated with "[the] . . . failure to incant four magic words." Absent the "under penalty of perjury" language the certificate is not proof at all. Statements that do not comply with RCW 9A.72.085, for instance, are not considered proof for purposes of summary judgment. Wilkerson v. Wegner, 58 Wn.[ ]App. 404,[ ]408, fn.2, 793 P.2d 983 (1990).

In conclusion, under MAR 7.1(a) a certificate of mailing which is not signed by an attorney and that does not recite that it was made under penalty of perjury, is not proof of service of a Notice of Request for Trial de Novo. Whether applying the strict compliance standard, which is the correct standard of proof of service by mail, or even applying the substantial compliance standard allowed for proof of personal service, the certificate of mailing missing the language "under penalty of perjury" falls short of the requirements of MAR 7.1(a).

¶6 On appeal, the City contends the trial court erred in granting the motion to strike the request for trial de novo and denying the motion for reconsideration because the requirements for proof of mailing under CR 5(b)(2)(B) do not apply and the certificate of service provides some evidence of the time, place, and manner of service.

¶7 Interpretation of a court rule is a question of law reviewed de novo. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997). We interpret a court rule in the same manner as a statute. *Nevers*, 133 Wn.2d at 809. Where a statute is clear on its face, "its meaning is to be derived from the language of the statute alone." *Kilian v. Atkinson*, 147 Wn.2d 16, 20, 50 P.3d 638 (2002).

¶8 MAR 7.1(a) sets forth the service and filing requirements for a request for trial de novo. MAR 7.1(a) states, in pertinent part:

Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court *along with proof that a copy has been served* upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.[1]

¶9 In *Nevers*, and in another recent decision, *Alvarez v. Banach*, 153 Wn.2d 834, 109 P.3d 402 (2005), our Supreme Court held that the parties must strictly comply with the

---

[1] (Emphasis added.)

filing requirements of MAR 7.1(a). *Nevers*, 133 Wn.2d at 811-12; *Alvarez*, 153 Wn.2d at 840.

¶10 In *Nevers*, a party mailed and timely filed a request for trial de novo to the other parties but did not file proof that a copy of the request for trial de novo had been served on the parties. *Nevers*, 133 Wn.2d at 807. The court held that a party must strictly comply with the filing requirements of MAR 7.1(a) by filing "proof" that a copy of the request for trial de novo had been served. *Nevers*, 133 Wn.2d at 810, 815-16.

¶11 In *Alvarez*, the Supreme Court reiterated that "parties must strictly comply with the filing requirements of MAR 7.1(a), which includes filing proof that a copy has been served." *Alvarez*, 153 Wn.2d at 840. The court held that receipt of the request for trial de novo by the opposing party does not establish proof "that the opposing party has received the copy." *Alvarez*, 153 Wn.2d at 840.

¶12 In this case, we must determine whether a certificate of mailing signed by a legal assistant that is not made under oath or under penalty of perjury complies with the strict filing requirements of MAR 7.1(a).

■■ ¶13 First, the City argues that proof of service by mailing under CR 5(b)(2)(B) does not apply to the filing requirements under MAR 7.1(a). We disagree. MAR 1.3(b)(2) states, "After a case is assigned to an arbitrator, all pleadings and other papers shall be served in accordance with CR 5 and filed with the arbitrator." CR 5 states that service on an attorney or party shall be made by personal delivery or mail. CR 5(b)(1). CR 5(b)(2)(B) addresses the requirement for proof of service by mail. CR 5(b)(2)(B) states, in pertinent part, "Proof of service of all papers permitted to be mailed may be by written acknowledgment of service, by affidavit of the person who mailed the papers, or by certificate of an attorney."

¶14 In *Alvarez*, the court held that the requirements of CR 5 govern proof of service under MAR 7.1, and that CR 5(b)(2)(B) applies to proof of service by mail.

Under the Mandatory Arbitration Rules, all pleadings and other papers are to be served in accordance with Superior Court Civil Rule (CR) 5 after a case is assigned to an arbitrator. MAR 1.3(b)(2). CR 5 provides that service on an attorney or party shall be made by personal delivery or mail. CR 5(b)(1). The rule provides that proof of service by mail "may be by written acknowledgment of service, by affidavit of the person who mailed the papers, or by the certificate of an attorney." CR 5(b)(2)(B). Proof of service by mail is not deemed complete until the third day after mailing. CR 5(b)(2)(A).

*Alvarez*, 153 Wn.2d at 837-38.

■■ ¶15 In *Seto v. American Elevator, Inc.*, 159 Wn.2d 767, 776, 154 P.3d 189 (2007), the court also states that CR 5 governs service under the MAR and "CR 5(b)(2) provides for service by mail. It describes both how service by mail must be made and permissible forms of proof of service by mail." In short, we conclude CR 5(b)(2)(B) governs service by mail of a request for trial de novo. However, strict compliance with the form of proof of service under CR 5(b)(2)(B) is not required.[2]

¶16 A declaration or certificate that is filed in compliance with RCW 9A.72.085 may be used as a substitute for proof of service under CR 5(b)(2)(B). *Manius v. Boyd*, 111 Wn. App. 764, 768, 47 P.3d 145 (2002); *see also* GR 13(a) (providing that matters may be "proved by an unsworn . . . certificate executed in accordance with RCW 9A.72.085"). RCW 9A.72.085 provides:

**Unsworn statements, certification.** Whenever, under any law of this state or under any rule, order, or requirement made under the law of this state, any matter in an official proceeding is required or permitted to be supported, evidenced, estab-

---

[2] In *Garcia v. CRICO of James Street Crossing Limited Partnership*, 125 Wn. App. 807, 811, 106 P.3d 765 (2004), we held that because compliance with the requirements of RCW 9A.72.085 is proof of service by mail of the request for trial de novo, "proof of service by mail required by MAR 7.1(a) need not fully conform with the proof of service described in CR 5(b)(2)(B)." In *Garcia*, the form of proof of service by mail was in part an affidavit and in part a declaration under penalty of perjury. *Garcia*, 125 Wn. App. at 812.

lished, or proved by a person's sworn written statement, declaration, verification, certificate, oath, or affidavit, the matter may with like force and effect be supported, evidenced, established, or proved in the official proceeding by an *unsworn written statement, declaration, verification, or certificate, which*:

*(1) Recites that it is certified or declared by the person to be true under penalty of perjury*;

(2) Is subscribed by the person;

(3) States the date and place of its execution; and

(4) States that it is so certified or declared under the laws of the state of Washington.

The certification or declaration may be in substantially the following form:

"I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct":

. . . . . . . . . . . . . . . . . .          . . . . . . . . . . . . . . . . . . . . .

(Date and Place)                    (Signature)

This section does not apply to writings requiring an acknowledgement, depositions, oaths of office, or oaths required to be taken before a special official other than a notary public.[3]

¶17 In *Manius*, the court held that a certificate of service on law firm pleading paper, that was signed under penalty of perjury and certified a copy of the request for trial de novo was mailed to the parties, was "adequate proof of service by mail of the request for trial de novo." *Manius*, 111 Wn. App. at 770-71. The place of signing could be "reasonably implied" and the certificate met all the other requirements of RCW 9A.72.085. *Manius*, 111 Wn. App. at 770.

¶18 The City relies on *Terry v. City of Tacoma*, 109 Wn. App. 448, 36 P.3d 553 (2001); *Vanderpol v. Schotzko*, 136 Wn. App. 504, 150 P.3d 120 (2007); and *Alvarez* to argue that only some evidence of the time, place, and manner of service is necessary under MAR 7.1(a).

---

[3] (Emphasis added.)

¶19 In *Terry*, the court held that "proof that a copy has been served" under MAR 7.1(a) does not mandate formal proof of personal service with an affidavit of service, but rather only some evidence of the time, place, and manner of service. *Terry*, 109 Wn. App. at 457. In *Vanderpol*, we held that the requirement of proof that a copy has been served is "satisfied by an affidavit attesting that a copy of the request was mailed to all parties at least three days before the deadline for service." *Vanderpol*, 136 Wn. App. at 506.

¶20 In *Alvarez*, the court held that by using the past tense in MAR 7.1 to require that the request for trial de novo must be filed " 'along with proof that a copy *has been served* upon all other parties appearing in the case,' " the drafters intended that the opposing party actually received service of the request for trial de novo. *Alvarez*, 153 Wn.2d at 840 (quoting MAR 7.1(a)). Accordingly, while formal proof of service is unnecessary and proof of some evidence of time, place, and manner of service can meet the requirements of MAR 7.1(a), a party filing a request for trial de novo must strictly comply with the requirement of "proof that a copy has been served." *Alvarez*, 153 Wn.2d at 840.

¶21 The City concedes that the certificate of service by mail signed by the legal assistant does not comply with RCW 9A.72.085. However, the City also argues that the unsworn certificate of the legal assistant substantially complies with the statutory requirements.

¶22 We addressed the question of substantial compliance with RCW 9A.72.085 in *Johnson v. King County*, 148 Wn. App. 220, 198 P.3d 546 (2009). In *Johnson*, the claimant stated, " 'I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.' " *Johnson*, 148 Wn. App. at 223 (internal quotation marks omitted). Although the claimant failed to explicitly state the place of signing, we held that because the "certificate of service signed under penalty of perjury" contained her address and the location of the accident, it substantially complied with RCW 9A.72.085. *Johnson*, 148 Wn. App. at

228-29. Likewise, in *Manius*, a certificate of service on law firm pleading paper that was signed under penalty of perjury and stated that the signer was an employee of a Seattle law firm substantially complied with RCW 9A.72.085. *Manius*, 111 Wn. App. at 770.

¶23 Here, unlike in *Johnson* and *Manius*, because the certificate of the legal assistant is not made under penalty of perjury, it does not meet the mandatory statutory requirement for an unsworn certification under RCW 9A.72.085. An unsworn certificate of mailing that is not under oath or does not contain language "that it is certified or declared by the person to be true under penalty of perjury" does not constitute "proof" that a copy has been served under MAR 7.1(a). RCW 9A.72.085. We also note that in all the reported decisions addressing the requirements of MAR 7.1(a) and proof of service, the certificate or declaration of service was made under oath or under penalty of perjury in compliance with RCW 9A.72.085. Because the City did not file proof that a copy of the trial de novo request had been served by mail, the trial court did not err in granting the motion to strike the request for trial de novo and entering judgment on the arbitrator's award.[4]

¶24 Upon compliance with RAP 18.1, Brackman is entitled to an award of reasonable attorney fees and costs on appeal under MAR 7.3.

¶25 We affirm.

BECKER and APPELWICK, JJ., concur.

---

[4] RCW 7.06.050(2).