FILED
COURT OF APPEALS
DIVISION II

2015 JUN -4 AM 8: 36

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In re the Matter of the Marriage of:

DANIEL E. BUNCH,

               Respondent,

v.

TAMARA LEE,

               Appellant,


TAMARA LEE and EVA CARLETON,

               Appellants,

v.

DANIEL E. BUNCH,

               Respondent.

No. 45810-1-II

UNPUBLISHED OPINION

MELNICK, J. — Tamara N. Lee and her attorney, Eva Carleton, appeal the trial court's orders denying Lee's contempt motion and granting Daniel E. Bunch's motion for CR 11 sanctions against Carleton. Because the contempt motion lacked a proper evidentiary basis, we affirm in part the order denying that motion. We hold, however, that the trial court erred by finding that Lee's failure to prove that Bunch has outstanding financial obligations affirmatively demonstrates that those obligations have been satisfied and we reverse that part of the order. Because CR 11 sanctions for bringing the contempt motion were appropriate, we affirm the order imposing sanctions. We deny Lee and Carleton's request for attorney fees on appeal because they have not

substantially prevailed, and we deny Bunch's request for appellate fees and costs because the appeal is not wholly frivolous.

## FACTS

Lee and Bunch married in 2003 and separated in 2011. After Bunch sought dissolution of the marriage, the trial court entered a temporary child support order for their five-year-old daughter on November 9, 2012. The temporary order required Bunch to pay $720.05 per month, 78 percent of day care and educational expenses, and 76 percent of uninsured medical expenses. The temporary order directed Bunch to make the support payments to the Division of Child Support (DCS) and to make separate payments for child care costs within five days of receiving receipts from Lee.

On May 24, 2013, following trial, the court entered a decree of dissolution and a final child support order. This order required Bunch to pay $300 a month in child support plus his proportionate share of work-related, licensed day care jointly agreed to by the parties, and it required Bunch to make all support payments to DCS. The order did not address back support. The dissolution decree required Bunch to pay $400 a month in maintenance for eight months. As part of the property settlement, the dissolution decree also awarded Lee a percentage of Bunch's retirement pension and TSP (Thrift Savings Plan) account.

On August 16, Lee filed a "motion and declaration to show cause re contempt" against Bunch, alleging that he failed to pay $3,654.68 in child support, child care, medical expenses, maintenance, and retirement payments between November 2012 and July 2013. Clerk's Papers (CP) at 78. Both Lee and Carleton signed the purported declaration below a provision stating, "The above statements are Sworn to and Subscribed as being true and accurate to the best of my knowledge and information this 15th day of August, 2013." CP at 84. The attached exhibits

2

included copies of administrative regulations, handwritten and unsigned receipts, checks, court orders, correspondence, and other documents.

On August 19, counsel for Bunch asked Carleton to withdraw the motion for contempt because it was inappropriate and baseless. Counsel pointed out that the supporting "declaration" did not comply with the standards required by statute and court rule. CP at 191. When Carleton did not withdraw the contempt motion, Bunch's attorney moved for CR 11 sanctions against her. He argued that the purported declaration and the attachments sought to introduce information over which Carleton had no personal knowledge and that they were not filed under penalty of perjury. Bunch attached a DCS record showing that he was current in his child support obligations from December 2012 to August 2013.

On September 19, Lee filed a "motion/declaration" for an order to show cause regarding contempt. CP at 209. Lee stated that Bunch owed $3,210.94 for child support, educational support, pension payments, and other obligations incurred between November 2012 and August 2013. The "motion/declaration" was signed by both Lee and Carleton under a provision stating, "The above statements are Sworn to and Subscribed as being true and accurate to the best of my knowledge and information this 19th day of September, 2013." CP at 218. This pleading described advice from a DCS caseworker and referred to the attached exhibits, most of which had been attached to the initial motion. In opposing this motion, Bunch filed DCS documentation showing that he had met his support obligations through September 2013.

When the parties' motions came before the court on September 27, the trial court granted Bunch's motion to dismiss the hearing based on Carleton's failure to follow procedure in presenting her motion. In its order, the trial court struck Lee's motion for contempt but ruled that

3

she could refile it "as appropriate." CP at 407. The court also continued Bunch's motion for CR 11 sanctions.

Lee filed another "motion/declaration" for contempt on October 4. CP at 409. In this pleading she alleged that Bunch was delinquent for child support, child care, educational, and medical expenses of $2,031.86 incurred between November 1, 2012, and August 31, 2013, and that he owed pension payments totaling $1,179.08. Lee requested interest and attorney fees as well. Both Lee and Carleton signed the "motion/declaration" after a statement again providing, "The above statements are Sworn to and Subscribed as being true and accurate to the best of my knowledge and information this 19th day of September, 2013." CP at 419. The "motion/declaration" again referred to the DCS caseworker's advice and the exhibits that followed.

At oral argument on November 14, Lee acknowledged that Bunch had made the pension payments and withdrew that part of her motion. Lee focused on the allegation that Bunch still owed her for child care and kindergarten expenses incurred from November 2012 through August 2013.[1] When the trial court asked why these costs had not been addressed during trial, Lee replied that the arrearages were not as apparent then as they became later.

Bunch responded that per the DCS documentation, he was current on child support and maintenance, and that the only ongoing dispute concerned his child care obligation. RP 28. He added that Lee had not proved the obligation she alleged, that her figures kept changing, and that her documentation was in "complete disarray." Report of Proceedings (RP) (Nov. 14, 2013) at 28. He argued further that Lee had provided no proof that her child care expenses were work-related or justified, two conditions required for reimbursement under the law and the final support order.

---

[1] Lee did not refer to any outstanding obligations for medical expenses during the hearing.

4

Bunch argued for CR 11 sanctions based on the following: Carleton signed materials as a witness; many of the materials were not based on Lee's or Carleton's personal knowledge; none of the materials was signed under oath or penalty of perjury; there was no proof that the child care sums requested were work-related; and the pension obligation was not enforceable through a contempt motion.

The trial court ruled that Bunch's child support, maintenance, and retirement payments were current. The court denied the motion for contempt on these matters. The court then observed that the only dispute focused on "day care/child care/kindergarten" expenses. RP (Nov. 14, 2013) at 59. The court turned to a discussion of Lee's motion:

> What I focused my attention on is the submission from Ms. Lee . . . . That is probably two inches of material with tabs and the color chart that we have been talking about at tab two, but it is entitled Motion/Declaration for an Order to Show Cause re Contempt, or, in the alternative, Motion to Compel Petitioner to Pay and Motion for Judgment and Motion for Attorney's Fees and Other Sanctions. It is signed by Ms. Carleton, as attorney for Tammy Lee, but not by her. There is no bar number, and it is signed by Tamara Lee as respondent.
> Above both of those signatures is the following: "The above statements are sworn to and subscribed as being true and accurate to the best of my knowledge and information this 19th day of September 2013."
> The materials that follow have absolutely no evidentiary value. That is not a declaration. There is a specific statutory jurat that is required to eliminate the need for a sworn affidavit, and that form is not followed in these materials, and, consequently, the exhibits that were submitted, other than copies of court orders, which I take judicial notice of, are inadmissible hearsay. That means, there's no evidence upon which to base a finding of contempt against Mr. Bunch for this child care/day care/kindergarten request.

RP (Nov. 14, 2013) at 60-61.

Accordingly, the trial court denied Lee's motion for contempt and granted Bunch's request for CR 11 sanctions. The trial court imposed sanctions primarily because the motion for contempt lacked factual support and because Carleton had acted as a witness in bringing and arguing the

motion. The trial court ordered Carleton to pay sanctions of $1,040 based on the time required for the day's hearing.

The trial court entered written orders denying the motion for contempt, awarding CR 11 sanctions, and denying reconsideration. Lee and Carleton now appeal those orders.

## ANALYSIS

I.    CONTEMPT ORDER

We review a trial court's decision in a contempt proceeding for abuse of discretion. *Weiss v. Lonnquist*, 173 Wn. App. 344, 363, 293 P.3d 1264, *review denied*, 178 Wn.2d 1025 (2013). The sanctions imposed for contempt will not be disturbed absent a clear showing of abuse. *Yamaha Motor Corp. v. Harris*, 29 Wn. App. 859, 866, 631 P.2d 423 (1981). A court abuses its discretion when its decision is based on untenable grounds or made for untenable reasons. *Weiss*, 173 Wn. App. at 363.

Lee sought an order holding Bunch in contempt for his failure to comply with the temporary and final support orders. Disobedience of a court order is grounds for a contempt sanction. RCW 7.21.010, .020; *see also* RCW 26.18.050(1) (party may initiate contempt action when obligor fails to comply with support or maintenance order). On appeal, Lee argues that the trial court abused its discretion by finding, due to the deficiencies in her pleadings, that there was no basis to hold Bunch in contempt.

The civil rules provide that motions may be supported by affidavits. CR 7(b)(4). An affidavit is a declaration of facts that is sworn to by the declarant before an officer authorized to administer oaths. *State v. Forest*, 125 Wn. App. 702, 706, 105 P.3d 1045 (2005). An unsworn declaration may be substituted for an affidavit as long as it complies with RCW 9A.72.085. GR 13. An unsworn declaration is permissible under the statute if it (1) recites that it is certified or

declared by the person to be true under penalty of perjury; (2) is subscribed by the person; (3) states the date and place of its execution; and (4) states that it is so certified or declared under the laws of the state of Washington. RCW 9A.72.085; *Brackman v. City of Forest Park*, 163 Wn. App. 889, 896, 262 P.3d 116 (2011).

The contempt "motion/declaration" before the court stated that "[t]he above statements are Sworn to and Subscribed as being true and accurate to the best of my knowledge and information this 19th day of September, 2013." CP at 419. The assertion that the statements were sworn did not make them so. *See* RCW 5.28.010 (oath must be administered by court, judge, clerk, court reporter, or notary public).[2] Nor did this attestation provide that the purported declaration was true under penalty of perjury and under the laws of Washington, as required under RCW 9A.72.085. As a result, the declaration had no legal effect.

Lee now argues that her attestation substantially complied with the requirements of RCW 9A.72.085, but the authority she cites focuses largely on liberal pleading requirements and not on the requirements in RCW 9A.72.085. *See, e.g., Colorado Nat'l Bank of Denver v. Merlino*, 35 Wn. App. 610, 614, 668 P.2d 1304 (1983) (court will measure the sufficiency of a motion not by its technical format or its language but by its content).

*Brackman* cited two decisions that addressed substantial compliance under RCW 9A.72.085. 163 Wn. App. at 897-98. In the first, the claimant stated, "I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct." *Johnson v. King County*, 148 Wn. App. 220, 223, 198 P.3d 546 (2009). Although the claimant failed to

---

[2] Nor did the assertion that the statements were true "to the best of my knowledge and information" establish that they were based on personal knowledge. CP at 419. *See* ER 602 (witness may not testify to matter without personal knowledge thereof); *Davis v. West One Auto. Grp.*, 140 Wn. App. 449, 455 n.1, 166 P.3d 807 (2007) (declaration was faulty for failing to comply with RCW 9A.72.085 and for failing to establish first-hand knowledge of attached exhibits).

state the place of signing, she verified the information in her claim under penalty of perjury, and she set forth her address and the location of the accident. *Johnson*, 148 Wn. App. at 228-29. Consequently, her claim substantially complied with RCW 9A.72.085. *Johnson*, 148 Wn. App. at 229-30. In the second case, a certificate of service on law firm pleading paper was signed under penalty of perjury and stated that the signer was an employee of a Seattle law firm. *Manius v. Boyd*, 111 Wn. App. 764, 769-70, 47 P.3d 145 (2002). This certificate substantially complied with RCW 9A.72.085 as well. *Manius*, 111 Wn. App. at 769-70.

In *Brackman*, however, the certificate at issue was not made under penalty of perjury. 163 Wn. App. at 897-98. Therefore it failed to substantially comply with RCW 9A.72.085. *Brackman*, 163 Wn. App. at 897. Similarly, a signed but unsworn letter that did not state that it was made under penalty of perjury is insufficient to satisfy RCW 9A.72.085. *Young Soo Kim v. Choong-Hyun Lee*, 174 Wn. App. 319, 327, 300 P.3d 431 (2013). The *Young Soo Kim* court emphasized that "we are aware of no case . . . that excuses in whole, the requirement that statements purporting to establish a necessary element of a claim or defense, be in the form of sworn affidavits or declarations made under penalty of perjury." 174 Wn. App. at 327.

Here, Lee failed to state that her purported declaration was made under penalty of perjury under the laws of Washington.[3] Consequently, her attestation did not substantially comply with the requirements in RCW 9A.72.085.

Lee now argues that she was not given notice of these deficiencies or an opportunity to cure them. But the record shows otherwise. Bunch's attorney responded to her first two motions by stating that they were not properly certified and sworn, and the trial court struck the second

---

[3] She also failed to state the place of execution, but the pleading paper's reference to Carleton's address arguably satisfied this requirement.

8

motion in an order stating that it could be refiled as appropriate. Despite this notice, Lee did not include the penalty of perjury clause until she moved for reconsideration. Lee had both notice of the deficiency and an opportunity to cure it.

Lee also argues that the trial court erred by finding, as part of its contempt order, that "[n]o back child support, medical support, child care costs, educational expenses, transportation expenses, other special expenses, or maintenance is owed." CP at 612. Lee contends that her failure to support her claim that such arrearages existed did not mean that Bunch's obligations had been satisfied.

The trial court addressed this objection during the presentation of findings:

> I made specific findings on some of those [obligations] but not all of those. However, the motion was to establish amounts owing under all of those categories. Ms. Lee, as the moving party, bore the burden of providing evidence to [support] those aspects of her request. She failed to do so. And consequently, a finding is appropriate that there was none proven, and thus none is owed.

RP (Dec. 20, 2013) at 12.

We disagree with this reasoning in part. During the contempt hearing, the trial court found that Bunch was current in his payments for back child support, maintenance, and retirement. The only issue was whether Bunch owed $2,031.86 in unpaid day care/child care/kindergarten expenses incurred between November 1, 2012, and August 31, 2013. Bunch did not argue then, and he does not argue now, that he has fully satisfied these obligations. Rather, he has continuously asserted that he cannot verify Lee's figures from the documentation provided.

Lee's failure to provide admissible evidence for her allegations regarding Bunch's outstanding obligations for day care/child care/kindergarten expenses does not prove that such obligations do not exist. We reverse the trial court's order insofar as it finds that Bunch has satisfied his obligations for child care and educational expenses incurred between November 1,

2012, and August 31, 2013. The evidence is insufficient to sustain that finding. *See In re Marriage of Rideout*, 150 Wn.2d 337, 351-52, 77 P.3d 1174 (2003) (we review factual findings for substantial evidence).

Lee also contends that the trial court erred by denying her motion for contempt because Bunch made late support and pension payments to satisfy his obligations. Where the amounts owing were paid before the contempt hearing, the trial court did not abuse its discretion in finding no disobedience of a court order sufficient to warrant sanctions. *See King v. Dep't of Soc. & Health Servs.*, 110 Wn.2d 793, 797, 756 P.2d 1303 (1988) (intentional disobedience of lawful court order is contempt). Furthermore, Lee conceded during the hearing that she withdrew challenges to the pension obligations. Regardless, a contempt proceeding cannot be used to enforce the pension payments which were part of the property settlement. *In re Marriage of Curtis*, 106 Wn. App. 191, 199-200, 23 P.3d 13 (2001).

We hold that the trial court did not abuse its discretion by denying Lee's motion for contempt but that the court erred in finding that Bunch satisfied all of his obligations, specifically, the obligations for child care and educational expenses incurred between November 1, 2012, and August 31, 2013.

II.    CR 11 SANCTIONS

Carleton argues that the trial court erred by imposing CR 11 sanctions against her. We review a trial court's imposition of CR 11 sanctions for abuse of discretion. *Stiles v. Kearney*, 168 Wn. App. 250, 260, 277 P.3d 9 (2012).

"CR 11 deals with two types of filings: those lacking a factual or legal basis (baseless filings), and those made for improper purposes." *MacDonald v. Korum Ford*, 80 Wn. App. 877, 883, 912 P.2d 1052 (1996). This case concerns a baseless filing. "A filing is 'baseless' when it is

... 'not well grounded in fact,' or when it is 'not warranted by ... existing law or ... a good faith argument for alter[ing] existing law.'" *Stiles*, 168 Wn. App. at 261 (quoting *MacDonald*, 80 Wn. App. at 883-84)).

A trial court may not impose CR 11 sanctions for a baseless filing "unless it also finds that the attorney who signed and filed the [pleading, motion or legal memorandum] failed to conduct a *reasonable inquiry* into the factual and legal basis of the claim." *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 220, 829 P.2d 1099 (1992) (emphasis in original). Courts use an objective standard in evaluating an attorney's conduct and test the appropriate level of prefiling investigation by inquiring what was reasonable to believe when the pleading was filed. *Stiles*, 168 Wn. App. at 261-62. The court should impose sanctions only when it is clear that a claim has no chance of success. *MacDonald*, 80 Wn. App. at 884. The court must make findings specifying the actionable conduct. *Stiles*, 168 Wn. App. at 262.

Contrary to Carleton's assertion, the trial court did enter findings supporting its decision to grant CR 11 sanctions. The trial court found that opposing counsel had notified Carleton that her motion was frivolous and formed a basis for sanctions, yet she persisted in pursuing the motion over a matter of months. The court also found that Carleton acted not only as Lee's attorney but also as a witness, and that she failed to provide any evidence supporting the motion for contempt filed on her client's behalf. The trial court then summarized these findings:

> [B]ecause Attorney Carleton filed a motion without any evidence or supporting facts, acted simultaneously as attorney and witness, ignored warnings from opposing counsel pointing out these deficiencies, and persisted in pursuing the underlying motion which was denied in full[,] it is appropriate that sanctions be imposed against Ms. Carleton personally.

CP at 609.

The advocate-witness rule generally prohibits attorneys from testifying in cases they are litigating. RPC 3.7(a); *United States v. Edwards*, 154 F.3d 915, 921 (9th Cir. 1998). But Rules of Professional Conduct violations cannot be grounds for sanctions because a breach of an ethics rule provides only a disciplinary remedy and not a private remedy. *Just Dirt, Inc. v. Knight Excavating, Inc.*, 138 Wn. App. 409, 417, 157 P.3d 431 (2007). We agree with Carleton that the trial court should not have based its sanctions on her "ethically problematic" conduct in simultaneously acting as both advocate and witness. CP at 609.

However, the trial court also based its imposition of sanctions on the attestation deficiencies in the declaration filed with Lee's contempt motion. Because of these deficiencies, Lee's motion completely lacked factual support. Carleton received notice of these deficiencies before she filed the third motion that the trial court addressed during the November hearing. Nevertheless, she persisted in pursuing a motion that was supported only by a deficient declaration. The record does not show that Carleton made a reasonable prefiling inquiry into the problems with her motion. As filed, the motion had no chance of success. We hold that the trial court did not abuse its discretion by imposing CR 11 sanctions.

Attorney fees may be awarded as part of a CR 11 sanction. *In the Matter of Kelly*, 170 Wn. App. 722, 740, 287 P.3d 12 (2012), *review denied*, 176 Wn.2d 1018 (2013). Such an award must be limited to the fees reasonably spent in responding to the sanctionable pleadings. *Just Dirt, Inc.*, 138 Wn. App. at 418. The trial court rejected Bunch's request for almost $10,000 in sanctions based on his attorney's work in responding to all of Carleton's motions. The court instead awarded sanctions of $1,040 based on the time reasonably required to prepare for and appear at the November hearing. The trial court did not abuse its discretion in awarding sanctions for this

12

amount. *See Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012) (reviewing reasonableness of attorney fee award for abuse of discretion).

III.    ATTORNEY FEES ON APPEAL

Both parties request an award of attorney fees and costs on appeal. Because Lee and Carleton have not substantially prevailed, we reject their request for costs and statutory attorney fees under RAP 14.2. *See Hurley v. Port Blakely Tree Farms L.P.*, 182 Wn. App. 753, 774, 332 P.3d 469 (2014) (RAP 14.2 provides for award of costs to party that substantially prevails on appeal), *review denied*, 182 Wn.2d 1008 (2015).

Bunch requests reasonable attorney fees and costs under CR 11 and RAP 18.9. CR 11 is a superior court rule that does not explicitly authorize us to award sanctions. *Schorno v. Kannada*, 167 Wn. App. 895, 904, 276 P.3d 319 (2012); *but see Skilcraft Fiberglass, Inc. v. Boeing Co.*, 72 Wn. App. 40, 48, 863 P.2d 573 (1993) (award of attorney fees on appeal authorized by CR 11 where sanctions have been imposed in the trial court because responding to the appeal could be viewed as a cost of collecting the judgment), *abrogated on other grounds by Morin v. Burris*, 160 Wn.2d 745, 161 P.3d 956 (2007).

RAP 18.9 authorizes us to award sanctions against a party who files a frivolous appeal. An appeal is frivolous if we are convinced that it presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal. *In re Marriage of Foley*, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). A civil appellant has a right to appeal under RAP 2.2, and all doubts as to whether the appeal is frivolous should be resolved in the appellant's favor. *Streater v. White*, 26 Wn. App. 430, 434-35, 613 P.2d 187 (1980).

Having concluded that the trial court erred in finding that Bunch satisfied all of his financial obligations, and having rejected one of the trial court's reasons for imposing CR 11 sanctions, we

conclude that this appeal was not frivolous. Accordingly, we deny Bunch's request for attorney fees and costs under RAP 18.9.

We reverse that part of the trial court's contempt order finding that Bunch has satisfied the child care and educational obligations in question, but we otherwise affirm the contempt order. We also affirm the court imposing CR 11 sanctions. Finally, we deny both parties' requests for an award of attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Maxa, P.J.

Lee, J.

14