IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ROBERT LEVESQUE, et al., | ) | |
| | ) | No. 33012-5-III |
| Respondents, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DIANE MATHENY, et al., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

SIDDOWAY, C.J. — On appeal, Diane Matheny alleges the trial court erred when it entered an order quieting title to land she was using. Arguing service was improper and she never received notice of the summary judgment motion, she alleges the trial court erred when it granted summary judgment based on her lack of response. Because there was no error, we affirm.

FACTS AND PROCEDURAL BACKGROUND

In March of 2013, Priscilla and Robert Levesque,[1] brother and sister, commenced an action to quiet title to a portion of their land that had been encroached upon by their

---

[1] Because we refer to several members of the Levesque family, we frequently use their first names. We intend no disrespect.

sister, Diane Matheny, who owned an adjacent parcel.[2] The complaint also sought a writ of ejectment—specifically, removal of Ms. Matheny's property from storage sheds located on the Levesque parcel. Finally, the complaint requested a declaratory judgment that an earlier agreement, which granted the Levesques permission to use the well house on the Matheny parcel, was valid.

Before filing the complaint, Jason Zittel—the attorney for the Levesques—attempted to communicate with Ms. Matheny about a potential settlement. These communications were mailed directly to Ms. Matheny's residence. All mailings were returned to Mr. Zittel unopened and marked "return to sender," "no forward," and "not this address." Clerks Papers (CP) at 82, 85.

Evidence was submitted that Ms. Matheny did in fact live at the home located on the Matheny parcel, but was avoiding all communications from Mr. Zittel. Because of Ms. Matheny's implicit refusal to engage with Mr. Zittel, the court entered an a order permitting service of a summons and complaint by mail pursuant to CR 4(d)(4). Nevertheless, Ms. Matheny received personal service of the summons and complaint.

---

[2] In a letter dated October 8, 1998, Ms. Matheny memorialized that a fence and some sheds belonging to her were encroaching onto the Levesque parcel. The letter indicated that she was using the land with the owner's permission. The letter further acknowledged that a well house located on the Matheny parcel would remain the property of her mother, Dorothy Levesque. In 2005, Dorothy passed away and Priscilla and Robert Levesque were the sole tenants with right of survivorship of the Levesque parcel.

2

It is unclear whether Ms. Matheny, who proceeded pro se, intended to file an answer to the complaint. She mailed a manila envelope containing potentially pertinent documents to Mr. Zittel, but she denies that the mailing was an answer. The return address handwritten on the manila envelope was the address of the Matheny parcel.

In July, Priscilla and Robert moved the court for summary judgment on their claims. A certificate of service indicated that Mr. Zittel's office mailed the summary judgment motion to the residential address at the Matheny parcel. Ms. Matheny did not respond to the motion, nor did she attend argument. At argument, the court signed an order granting the Levesques summary judgment.

Ms. Matheny filed a motion to stay the writ of execution on the basis that she was never served with the motion. At the hearing on Ms. Matheny's motion, Mr. Zittel presented evidence that on July 16, he mailed the summary judgment motion to Ms. Matheny's residence. Consistent with the other mailings sent to that address, the documents were unopened and returned to the sender. Mr. Zittel presented additional evidence that in a different matter pending at the Thurston County Superior Court, Ms. Matheny listed the address of the Matheny parcel as the proper address for service. Mr. Zittel further presented evidence that the motion was mailed to the same address as the return address listed on Ms. Matheny's limited correspondence with him. The court denied Ms. Matheny's motion to stay and instead entered a judgment vesting the

3

Levesques with title to the property and issuing a writ of restitution. Ms. Matheny timely appealed the court's order and judgment.

## ANALYSIS

We review a trial court's grant of summary judgment de novo. *Korslund v. Dyncorp Tri-Cities Servs. Inc.*, 156 Wn.2d 168, 177, 125 P.3d 119 (2005). Summary judgment is appropriate when the moving party shows there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). After a party moving for summary judgment submits adequate affidavits, the nonmoving party must set forth specific facts rebutting the moving party's contentions and disclosing that a genuine issue of material fact exists. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 12-13, 721 P.2d 1 (1986).

Ms. Matheny did not respond to the motion for summary judgment. She did not provide the court with facts rebutting the Levesques' contentions; thus, she failed to disclose the existence of a genuine issue of material fact.

Ms. Matheny contends the court erred in concluding she was properly served and as a result, summary judgment was not warranted. Specifically, Ms. Matheny argues the court erred when it entered the order allowing her to be served by mail. She further contends the trial court erred when it did not require the Levesques to serve her via certified or registered mail.

4

Ms. Matheny's argument that the court erred in entering an order allowing her to be served via mail is meritless. On March 21, 2013, an ex parte order authorizing service by mail under CR 4(d)(4) was entered. CR 4(d)(4) provides an alternative to service by publication for a summons and complaint when it appears that service by mail is just as likely to result in actual notice. But because Ms. Matheny was ultimately personally served with the summons and complaint, CR 4(d)(4) is not relevant.

Ms. Matheny's next argument, that service of the summary judgment motion should have been via registered or certified mail, also fails. CR 5(b)(1) governs service of motions and permits service by mail. CR 5(b)(2) prescribes the proper procedure for effecting service by mail and requires only that "the papers shall be deposited in the post office addressed to the person on whom they are being served, with the postage prepaid." CR 5(b)(2)(A). There is no requirement that the mail be sent via registered or certified mail.[3]

Service may be proved through a "written acknowledgment of service, by affidavit of the person who mailed the papers, or by certificate of an attorney." CR 5(b)(2)(B). "A declaration or certificate that is filed in compliance with RCW 9A.72.085 may be used as

---

[3] Ms. Matheny relies on CR 5(g) for the proposition that the motion needed to be sent through registered or certified mail. CR 5(g) provides, "Whenever the use of 'registered' mail is authorized by statutes relating to judicial proceedings or by rule of court, 'certified' mail, with return receipt requested, may be used." Because CR 5(b) does not require the use of registered mail, CR 5(g) is not applicable here.

a substitute for proof of service under CR 5(b)(2)(B)." *Brackman v. City of Lake Forest Park*, 163 Wn. App. 889, 895, 262 P.3d 116 (2011) (citing *Manius v. Boyd*, 111 Wn. App. 764, 768, 47 P.3d 145 (2002)). RCW 9A.72.085 provides that a declaration is sufficient when it recites that it is certified under penalty of perjury, states the date and place of execution, states that it is subject to the laws of the State of Washington, and is subscribed to by the person. RCW 9A.72.085(1).

Here, Ms. Matheny was mailed a copy of the motion for summary judgment and all accompanying documents at her last known address. Not only were the documents mailed to Ms. Matheny's residence, but her residential address comports with the return address listed by Ms. Matheny on her correspondence with Mr. Zittel. Service by mail was proper.

Further, the Levesques submitted proof of service of the motion papers. The record contains a certificate of the attorney indicating that Ms. Matheny was served at her residential address. This alone is sufficient proof of service under CR 5(b)(2)(B). Additional proofs of service, however, are also included in the record. For example, the declaration of service accompanying the motion for summary judgment was signed by Mr. Zittel's paralegal and complies with RCW 9A.72.085. *See Manius*, 111 Wn. App. at 769-70. Additionally, a second declaration from Mr. Zittel affirmatively states Ms. Matheny was served by mail on July 16. Attached to Mr. Zittel's second declaration was

6

the original envelope containing the summary judgment motion that was sent to Ms.

Matheny's residential address. The envelope was returned to sender unopened.

Service by mail was proper and proof of service is adequate to demonstrate that

Ms. Matheny had notice of the Levesques' motion for summary judgment. Ms. Matheny,

however, failed to show a genuine issue of fact existed. Summary judgment was

appropriate.

Affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Brown, J.

_____
Fearing, .J.